LUCIANO CEDILLO V. STATE

No. 34,051.   January 3, 1962

Appellant represented himself.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Edward N. Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, enhanced by two previous convictions for a felony less than capital, life.

Appellant was identified by Ben F. Adkins as the man who came to the package store where he was employed, produced a pistol and pointing it at him said "Get down. Lay down. This is a hold-up"; took his purse out of his hip pocket and extracted some $53.00 from it. He then heard the man going through the cash register.

A check made after appellant left disclosed that some $307.00, in addition to the $53.00 taken from his purse, and two bottles of whisky were missing.

Juan Tudon testified that he went to the liquor store to get some change and when he arrived Adkins was lying on the floor and a man he identified as the appellant was on top of him searching his pockets. He testified that he went next door and asked a lady to call the police, and when appellant came out of the liquor store he got in a taxi and followed appellant to where he got in an automobile with a man and two ladies, and got the license number and gave it to the police.

Fernando G. Mendosa testified that he took appellant to the vicinity where the liquor store was located and, after letting him out, went to a telephone, leaving two girls in the car; that when he returned appellant was in the car and had two bottles of whisky.

Appellant points to the discrepancy between the testimony of Tudon that a man and two ladies were in the car which appellant got in, and Mendosa's testimony that appellant was in the car when he returned to it. We do not regard the discrepancy as serious, in view of the other evidence in the case.

Appellant's statement made to Detective J. A. Hodges was introduced without objection, in which he confessed that he went to the liquor store with a pistol and told the old man that was running the place that he wanted his money, and then he went behind the counter and took the money and two bottles of Seagrams VO Whisky from the store.

The prior convictions alleged in the indictment were proved by the records of the court and the penitentiary, including copies of the judgments and sentences. Appellant was identified as the defendant in said causes by comparison of the fingerprints forming a part of the penitentiary records and the testimony of an expert witness who took appellant's prints and compared them and found them to be fingerprints of the same person.

Appellant has filed a brief prepared without assistance of counsel. We have examined his contentions and the record herein, and have found no error which would call for reversal of his conviction.

He complains that a pistol, two bottles of whisky and some money found in the apartment where he was arrested were improperly admitted in evidence.

The pistol and money, and the evidence relating to the finding thereof, were admitted in evidence without objection other than that the pistol recovered in the hallway "is not connected up."

Officer Thomason testified before any objection was made that Officer Hodges removed the bottles of whisky from a cabinet in the kitchen of the apartment where he found appellant and two girls.

The jury was retired when the bottles were offered as exhibits, and it being shown that the officers had no search warrant "to search that cabinet," the following occurred.

"MR. MAGEE: I object to it at this time.

"THE COURT: Did he say it was the defendant's place or or not?

"MR. MAGEE: He said the defendant was there. If it was not the defendant's place; he was just there, I have no objection, but he is trying to show to the jury it was the defendant's place, and he found it."

Appellant reserved exception "to his testimony about those bottles. There was no search warrant used to obtain them."

On cross-examination Officer Thomason was asked and answered:

"Q. You say you found those bottles in the apartment house there? A. Yes, sir.

"Q. You don't know whether that was this man's apartment or not, do you? A. No, sir."

In the absence of a proper and timely objection based upon the claim at least that the whisky was found in a search without warrant of appellant's home, reversible error is not shown.

The judgment is affirmed.