**Alfonso LUGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39240.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

**770**

---

J. Charles Whitfield, Houston, for appellant.

Frank Briscoe, Dist. Atty., Edward B. McDonough, Jr., and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving while intoxicated; the punishment assessed by the jury is three days in jail and a fine of $50.00.

Rudolph Trevino, a witness for the state, testified that he was driving with his family on a public street in Houston, Harris County, Texas, on the evening of January 22, 1965, and that as he approached an intersection it was necessary for him to swerve to the side of the street, where he struck a light post, in order to prevent a collision with an automobile which had entered the intersection after failing to stop for a stop sign.

Mr. Trevino identified appellant as the driver of that vehicle, which had come to rest in the intersection. He testified that appellant's breath smelled like beer, and

that "his speech was slow." In response to counsel's question as to whether or not appellant was intoxicated, Trevino stated:

> "Well, my opinion is that he was intoxicated because he was *laying* down on the seat when I went to him and I asked him if he didn't see the stop sign, and he said, 'I am stopped, I am stopped,' and I said, 'you are drunk fellow,' and he didn't say anything."

Officer B. R. White of the Houston Police Department made an investigation at the scene of the incident after being called by Mr. Trevino. The officer testified that appellant's speech was slurred, he walked with a mild sway, his eyes were watery, and his breath smelled of alcoholic beverage. In the opinion of the officer, appellant was intoxicated.

Officer White further testified without objection that appellant executed a written consent to the taking of a specimen of his blood, and the officer observed the taking of the specimen from the arm of appellant.

Chain of custody was established, and F. E. McDonald, chemist and toxicologist for the Houston Police Department, testified that an examination of this specimen revealed that it contained .17% alcohol, and that any person with that much alcohol in their blood would undoubtedly be intoxicated.

The evidence is sufficient to support the jury's verdict.

Appellant's only ground for reversal is his contention that the trial court committed reversible error in admitting testimony as to the results of the blood analysis, for the reasons that when the specimen was taken, appellant had not been warned of his rights against self-incrimination; that he had not been taken before a magistrate, and that he had not been afforded the opportunity to consult with counsel prior to signing the written consent for the taking of the blood specimen.

There was no requirement that warning be given appellant prior to the taking of his blood specimen. The statutory safeguards concerning confession provided by Article 727, Vernon's Ann.C.C.P., 1925, then in effect, did not extend to the taking of blood tests. Ragland v. State, Tex.Cr. App., 391 S.W.2d 418. There is no indication in the record that appellant was denied the right to counsel at any stage of the proceedings, and the holding in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, cited by appellant, is not applicable to this case.

In his brief appellant concedes that there was no reversible error under the Code of Criminal Procedure, 1925, as interpreted by this Court, but he urges that this statute is no longer the law. The Code of Criminal Procedure, 1965, effective January 1, 1966, does not govern the proceedings which transpired before that date. Holdman v. State, Tex.Cr.App., 399 S.W. 2d 361, January 19, 1966.

The judgment is affirmed.