**Charles Wilson BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41442.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 23, 1968.

Walter B. Conway, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, Texas and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, 10 years.

■ Appellant's first contention is that the court erred in failing to grant an instructed verdict of not guilty on the grounds that no connection had been shown between one Portfeld, who initiated the confidence scheme, and appellant, who concluded the same. This is what occurred. Portfeld appeared at the house of Labate, an elderly retired seaman, and represented himself as the agent of a bonding company which was obligated to pay the debts of the bankrupt Heights Termite Company. He told Labate that an audit of the Termite Company's books revealed that they owed him (Labate) the sum of Two Thousand Dollars and offered to pay this sum with a check in the sum of $4,100.00 at the same time asking Labate to give him his personal check in the amount of $2,100.00, payable to one Charles William Burns, who, according to Portfeld, his company also owed said sum. Since there is a little larceny in the hearts of all women and most men, Labate after first refusing the refund agreed that perhaps the Heights Termite Company did owe him something after all and agreed to the transaction. After Portfeld had left appellant appeared at Labate's home armed with the $2,100.00 check, represented himself to be Charles William Burns, the person to whom the Heights Termite Company owed the $2,-100.00 and asked Labate to call his bank and verify the validity of the check. The check was cashed and a cashier's check issued to appellant for the same sum.

As might have been expected, the $4,100 check was valueless and appellant was finally apprehended and identified.

This simple statement of this new angle is ample to show that appellant and Portfeld were working in unison, and appellant's first ground of error is overruled.

■ Appellant's final contention is that the trial court erred in admitting into evidence samples of his handwriting which were taken from appellant by a Deputy Sheriff during a recess in the trial. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, and other Federal cases relied upon by appellant have no application since the holding of the Supreme Court of the United States in the relatively recent case of Gilbert v. State of California, 388 U.S. 263, at 267, 87 S.Ct. 1951, at 1953, 18 L.Ed.2d 1178, at 1183, which made such handwriting "exemplar" admissible.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, P. J., concurs in the result.