**Luciano CEDILLO, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 25002.

United States Court of Appeals
Fifth Circuit.

Aug. 12, 1968.

———◆———

Luciano Cedillo, Huntsville, Tex., pro se.

Robert E. Owen, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge and BREWSTER, District Judge.

PER CURIAM:

This is an appeal from the denial of habeas corpus relief, after a plenary hearing in the District Court.

The appellant is confined by authority of a conviction of robbery by assault with two prior felony convictions proved for enhancement of sentence. He received the mandatory sentence of life imprisonment as a third felonious offender on June 20, 1961. Upon direct appeal, which he prosecuted *pro se*, the judgment was affirmed. Cedillo v. State, 1962, 171 Tex.Cr.R. 532, 352 S.W. 2d 736, cert. denied, 370 U.S. 958, 82 S. Ct. 1611, 8 L.Ed.2d 824.

The appellant has contended that he, an indigent person, was denied representation of counsel in his direct appeal from the judgment of conviction. Since we hold that this point is well taken, we find it unnecessary to discuss here the appellant's other contentions.

In his *pro se* brief upon direct appeal to the Texas Court of Criminal Appeals, the appellant stated that because he was dissatisfied with their conduct of his trial, he dismissed the two attorneys who had defended him by court appointment. These attorneys have filed an affidavit in which they state that they defended the appellant to the best of their ability, but were not requested by him, nor instructed by the trial court, to represent him on appeal.

The appellant further stated in his brief in the Court of Criminal Appeals that he "was denied several times the right to have an appointed counsel" to represent him on appeal. This makes it unnecessary for us to resolve any questions about what the state trial judge might have done with respect to requests (or absence of them) for counsel on appeal.

In no more direct way could petitioner have made a request for appellate counsel. The Court of Criminal Appeals did not even refer to it. He was entitled to such counsel and that Court, if not the State Trial Court, had to furnish it to him. Swenson v. Bosler, 386 U.S. 258,

**668**

87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Pate v. Holman, 5 Cir., 1965, 341 F.2d 764.

The judgment is reversed and the cause is remanded for the District Court to enter an appropriate order providing the appellant with "a review of his conviction with the aid of counsel on direct appeal as adequate as if counsel had pursued the appeal and rendered the services of an advocate in the first instance." Merkel v. Beto, 5 Cir., 1968, 387 F.2d 854; Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307. This review may take the form of either a regular or extraordinary proceeding but it must be the equivalent of a direct appeal to the Texas Court of Criminal Appeals in which the Appellant is represented by counsel. Otherwise the District Court will be obliged to issue the writ.

Reversed and remanded.