Charles C. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 41697.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

Marvin O. Teague, Houston, on appeal only, for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is Rape; the punishment, Death.

Appellant's first ground of error is his contention that the evidence is insufficient to support the conviction. Great stress is placed upon the fact that the attacker forced the prosecutrix to cover her face and did not permit her to look at him.

We have examined the record with care and find several instances in which the prosecutrix testified that she parted her fingers and viewed her assailant or saw him through a sheer cloth which he required her to place over her head, thus enabling her to positively identify appellant. It is clearly established that the prosecutrix reported immediately to her family physician and he testified that he discovered a 2½ inch tear inside her vagina which was consistent with a forced entry by an oversized penis. We find the evidence sufficient to support the conviction.

Appellant's grounds of error #2 and #6 relate to the testimony of a police chemist to the comparison of a pubic hair found in a bed sheet taken from the prosecutrix's house and one given him by appellant[1] in the crime laboratory shortly after his apprehension and before appellant was taken before a magistrate on October 14, 1965, the day of appellant's arrest. We shall also discuss the lineup conducted at the police building which also took place prior to appellant's being warned by the magistrate. It is agreed that appellant was not warned of his right to counsel prior to these two events taking place. None of the holdings of the Supreme Court of the United States subsequent to such events controls the disposition of these grounds of error. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Art 15.17, Vernon's Ann.C.C.P., was not in effect at the time of appellant's arrest. This disposes of that portion of appellant's second ground of error relating to the lineup.

Trial was had May 11, 1966, after the effective date of the 1965 Code. The trial court had only the holdings of this Court on the question to guide him. On February 9, 1966, prior to appellant's trial, this Court had told all trial judges in our opinion in Lugo v. State, Tex.Cr.App., 398

S.W.2d 769, that the old confession statute, Art. 727, V.A.C.C.P., in effect at the time of appellant's arrest, did not apply to the taking of a blood test. Only recently in Burns v. State, Tex.Cr.App., 432 S.W.2d 93, this Court had occasion to pass upon the question of the admissibility of "exemplars" of handwriting specimens. We affirmed the conviction relying on the holding of the Supreme Court of the United States in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. This disposes of that portion of appellant's ground of error as it relates to the pubic hair.

Appellant testified in the absence of the jury that he was warned by Detective Newman prior to the lineup and the taking of the pubic hair that anything he said to him (Detective Newman) could be used in evidence against him, and no confession was taken. Therefore, Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, upon which appellant relies, can have no application to the case at bar.

■ Another portion of his second ground of error is his contention that the trial court erred in failing to grant a hearing on appellant's motion to suppress certain testimony. The motion was filed on the day of trial. Recently, in Bosley v. State, 414 S.W.2d 468, we held that the trial court did not err in declining to hear a pretrial motion to suppress which was filed on the day of trial.

■ As his third ground of error appellant contends that the State should not have been permitted to seek the death penalty because the notice required in Art. 1.14, V.A.C.C.P., had been filed more than fifteen days prior to trial. A reading of Art. 1.14, supra, indicates that the notice need only be filed at least fifteen days prior to trial, not exactly fifteen days prior to trial. Appellant's third ground of error is overruled.

---

1. Appellant testified out of the presence of the jury that such hair was forcibly taken from him at the police laboratory by a police officer. Appellant's testimony was contradicted, as noted above,

by chemist Crawford's testimony, and by the police officers in attendance at the laboratory when the pubic hair came into Crawford's possession.

**838**

■ Appellant next contends that the court erred in permitting a separate hearing on the issue of punishment after the jury found appellant guilty. In Jones v. State, Tex.Cr.App., 416 S.W.2d 412, we disposed of this issue adversely to appellant's contention by stating that "a defendant pleading not guilty in a capital case where the state is seeking the death penalty is denied no constitutional or statutory right when, without objection or at his request, separate trials are had before the same jury on the issues of guilt or innocence and the punishment to be assessed." No objection was made to the order of the trial. Ground of error number four is overruled.

■ At the separate hearing on punishment, the court permitted the State to introduce testimony regarding appellant's reputation. Appellant's fifth ground of error is that such action was impermissible. In Rojas v. State, Tex.Cr.App., 404 S.W. 2d 30, we said:

"In view of the provision of Art. 37.07, Sec. 2(b), evidence may now be offered before a jury impaneled to assess the punishment 'as to the prior criminal record of the defendant, his general reputation and his character,' whether such jury is impaneled pursuant to Art. 26.14 or after the jury verdict of guilty has been returned."

See also Broadway v. State, Tex.Cr.App., 418 S.W.2d 679; Smith v. State, Tex.Cr. App., 414 S.W.2d 659; Wilson v. State, Tex.Cr.App., 434 S.W.2d 873 (delivered December 11, 1968); Fletcher v. State, Tex. Cr.App., 437 S.W.2d 849, this day decided. Appellant's fifth ground of error is overruled.

■ Appellant's seventh ground of error is that he was compelled to participate in a lineup under circumstances which have been condemned by the Supreme Court of the United States in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87

S.Ct. 1951, 18 L.Ed.2d 1178. The lineup in the instant case occurred prior to the date of the decisions in Wade and Gilbert and is not controlled by those decisions. Pearson v. United States (CA5), 389 F.2d 684, and Stovall v. Denno, supra.

Appellant's testimony given in the absence of the jury raises no issue as to the conduct or propriety or manner of holding the lineup. In answer to his counsel's questioning he merely said that there were "approximately five or six" people in the lineup. Officer Newman testified that appellant made no complaint about being taken in to the one lineup at which he was identified by the injured party.

■ We find no intimation in this record that the law enforcement authorities took any action to suggest to any witness that appellant in their minds was the guilty party. We conclude from the above that the lineup was not constitutionally infirm. See Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Cobbins v. State, Tex.Cr.App., 423 S.W.2d 589, at 591 (concurring opinion); and Stovall v. Denno, supra.

Appellant's eighth ground of error relates to the chain of custody of the pubic hair. Robert F. Crawford, whose professional credentials have previously been before this Court, Criswell v. State, 171 Tex. Cr.R. 206, 346 S.W.2d 341, and Sanders v. State, 166 Tex.Cr.R. 293, 312 S.W.2d 640, testified in the absence of the jury that appellant gave him the pubic hair in the police laboratory.[2] There is no showing that anyone else had custody of the pubic hair. Appellant's ground of error is overruled. Johnson v. State, 167 Tex.Cr.R. 284, 319 S.W.2d 713.

■ The ninth ground of error assigned by appellant arises out of the following colloquy:

"Q. (By the prosecutor): Did you on that date, the 7th of September, 1965, make an arrest at that intersection, sir?

2. See footnote 1, supra.

A. (By Houston police officer Fel-check): Yes, sir, I did.

Q. Who did you arrest?

A. A man by the name of Roy Lee Bradley.

Q. Who was with him?

A. Dorthy Magee.

Q. What time of the day or night was it that you arrested him?

> (Appellant's counsel): Your Honor, I want to object to this line of questioning. I see no bearing on this type of question.
>
> [The prosecutor): We'll connect it up in a minute, your Honor.
>
> THE COURT: Overruled.

Without discussing whether appellant's objection was timely made, we note that later in the trial appellant's counsel elicited the same information from another witness, thereby curing any error that existed. See cases collated at 13A Tex.Dig., Criminal Law 1169(2). Furthermore, such evidence was admissible by the State in rebuttal. See Flores v. State, 151 Tex.Cr.R. 478, 209 S.W.2d 168, and Shannon v. State, 123 Tex. Cr.R. 521, 59 S.W.2d 142.

■ Appellant's tenth ground of error is that the twelfth juror was improperly selected in that the juror was not "passed for acceptance or challenge first to the state and then to the defendant" as required by Art. 35.13, V.A.C.C.P. The twelfth juror was questioned first by the State, then by appellant. At the conclusion of appellant's questioning, the juror was passed to the State, whereupon it was announced by the prosecutor "We have a jury, Your Honor. We accept him." The court then ordered the juror sworn in. Appellant had no peremptory challenges remaining at this juncture and he did not ask for any additional challenges. No error is shown.

Appellant complains, in his eleventh ground of error, of the court's failure to charge the jury on the identification of the appellant as the assailant, on circumstantial evidence, and on the legality of appellant's arrest and the seizure from his person of evidence.

■ There was sufficient direct evidence, as set forth above in our discussion of appellant's ground of error #1, so that a charge on identity and circumstantial evidence was not necessary or consistent with the facts. A charge on the legality of appellant's arrest and the seizure from his person of evidence was not necessary as neither of these issues was in evidence before the jury.

■ Appellant's twelfth and fifteenth grounds of error relate to alleged jury misconduct which, appellant contends, occurred when one of the jurors read "Scriptures from the Bible" to the other jurors during the punishment deliberations. The alleged misconduct is raised by the affidavit of an investigator sent by appellant's court appointed counsel on appeal to contact all the jurors. The affidavit is defective in that it fails to contain a recitation that the investigator asked the jurors to make an affidavit as to the misconduct and they refused to do so. In Prince v. State, 158 Tex. Cr.R. 320, 254 S.W.2d 1006, we set out the requisites in raising the issue of jury misconduct:

> "* * * Where the misconduct was of such a nature that it would be known only by members of the jury, then an affidavit of a juror is proper. But this is not the exclusive method. Where the appellant is unable to secure such an affidavit, it is incumbent upon him to show this, and why, and, further, to show reasonable grounds for believing that such misconduct actually occurred. For illustration, this might be done by an affidavit of some person, reciting that a member of the jury had told them of misconduct, followed by an affidavit of appellant or in his behalf to the effect that, though requested to do so, such juror had refused to make an affidavit thereto."

■ What "Scriptures from the Bible" were read, if any were, and this indefinite allegation would not call for a hearing on jury misconduct. Cf. Bowles v. State, 168 Tex.Cr.R. 241, 324 S.W.2d 841, at 844; and Martin v. State, Tex.Cr.App., 400 S.W.2d 919. Appellant's grounds of error #12 and #15 are overruled.

■ Appellant was represented at his trial by counsel of his own choosing, and is represented on appeal by extremely competent court appointed counsel. His thirteenth ground of error—that he did not have the effective assistance of counsel—is overruled.

■ Appellant's fourteenth, twenty-third and twenty-fourth grounds of error relate to the argument of the prosecutor. The only objections made to the complained-of argument were too general to preserve error, not specifically pointing out that portion of the argument which was objectionable or the reason why it was objectionable. Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Korb v. State, Tex.Cr.App., 402 S.W.2d 166; Ingram v. State, Tex.Cr.App., 363 S.W.2d 284; and Zepeda v. State, 172 Tex.Cr.R. 86, 353 S.W.2d 221.

In his sixteenth ground of error appellant attacks the verdict of the jury and contends that the jurors believed they only had three alternatives on the punishment issue—five years, life imprisonment or death—and that such belief constitutes jury misconduct. His only support for such contention is the affidavit of the investigator referred to in his fifteenth ground of error; and the reasons and authority which controlled the disposition of his ground of error #15 likewise control the disposition of appellant's sixteenth ground of error.

Appellant's seventeenth ground of error is that the indictment fails to state a criminal offense. The indictment is virtually the same as the form set out at Sec. 1581, Willson's Criminal Forms, and tracks Art. 1183, Vernon's Ann.P.C. Appellant's ground of error is overruled.

■ His eighteenth ground of error erlates to the court's charge on alibi. No objection in writing was made to such charge, nor was there a special instruction requested. No error is preserved. Dillard v. State, Tex.Cr.App., 434 S.W.2d 126, (No. 41,634, delivered November 27, 1968); Arts. 36.14, 36.15, V.A.C.C.P.

■ His nineteenth ground of error is that while he was arraigned, appellant never entered a plea. The record shows that appellant did plead at the time of arraignment. Furthermore, the court in his charge, instructed the jury that appellant had plead not guilty. No objection was made thereto, and if any error existed it was not preserved for review. Seale v. State, 158 Tex.Cr.R. 440, 256 S.W.2d 86.

■ As his twentieth ground of error appellant complains of the failure of the trial court to make and file findings of fact and conclusions of law with respect to the appellant's motion to suppress. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, cited by appellant, is not authority for his proposition as Jackson applies to hearings held to determine the voluntariness of a confession, not suppression of evidence hearings. The trial judge was not required to make and file findings of fact or conclusions of law with respect to appellant's motion to suppress and the hearing conducted during trial related to such motion, and he did not err in failing to do so.

■ The twenty-first ground of error assigned by appellant grows out of the following questions and answers:

"Q. (By the prosecutor): Did you or your brother see him the night you were watching TV?

(Appellant's counsel): I object to immateriality.

THE COURT: Sustained. You don't know who his brother saw.

(Appellant's counsel): Note our exception to the court on that."

The objection made to the court's comment was too general to apprise the court of any error committed. See Rodriguez v. State, supra; Korb v. State, supra; Ingram v. State, supra; and Zepeda v. State, supra.

■ Appellant's twenty-second ground of error relates to the testimony of Officer Bostock of the Houston police force that he arrested appellant on a prior occasion. No objection was made to such testimony and no error is therefore preserved. Burks v. State, Tex.Cr.App., 432 S.W.2d 925.

■ As his twenty-fifth ground of error, appellant asserts that the infliction of the death penalty as punishment for the crime of rape is unconstitutional under the 5th, 8th and 14th Amendments to the United States Constitution. Such ground has been resolved against appellant by many courts, Craig v. State, Fla., 179 So.2d 202, cert. den. 383 U.S. 959, 86 S.Ct. 1224, 16 L.Ed.2d 301; Bell v. Patterson, D.C.Colo., 279 F.Supp. 760; In re Anderson, 4 Cr.L. 2161; Washington v. Smith, 4 Cr.L. 2163, with whom we are in agreement. Siros v. State, Tex. Cr.App., 399 S.W.2d 547.

Appellant's twenty-sixth ground of error is that he was deprived of a fair trial because of the totality of errors alleged above. Such contention is without merit.

■ As his twenty-seventh ground of error, appellant contends that the trial court erroneously permitted the jury to separate before deliberations began. Such contention has been recently decided adversely to appellant's position in Enriquez v. State, Tex.Cr.App., 429 S.W.2d 141. No distinction between capital and non-capital felony cases is made in Art. 35.23, V.A.C.C.P., as appellant would have us hold, and we therefore decline to do so.

Appellant's final ground of error is that imposition of the death penalty cannot be carried out in light of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L. Ed.2d 776. See Pittman v. State, Tex.Cr.

App., 434 S.W.2d 352 (delivered July 24, 1968). Appellant has attached to his brief the voir dire examination of the following named veniremen, upon which his Witherspoon error is predicated.

Juror Richard Schmidt, whose testimony is, in part, as follows:

"Q. (By the prosecutor): * * * I will ask you directly, sir, if you have any conscientious scruples against the assessing of the death penalty in a proper case?

A. Yes sir, I would have some scruples.

Q. Do you mean, sir, that you could not under any set of circumstances return the death verdict, sir?

A. No, I don't think so.

Q. You don't believe that under any circumstances you could?

A. Not in a particular case such as this, sir. I would say maybe in a case of murder or something like that.

Q. But you don't think you could return the death penalty in a rape case?

A. No, sir."

This examination met the test of Witherspoon v. Illinois, supra, and Pittman v. State, supra.

Juror Wesley Gant testified that he had no conscientious scruples against the death penalty as punishment for crime and that he could write such a verdict if he found appellant guilty. He was excused by the State. The Witherspoon rule has no application to him.

Such is also the case as to juror Horton who stated that he could vote to inflict the death penalty if he "thought that it was the right thing to do."

Finding no reversible error, the judgment of the trial court is affirmed.