Jimmy Lee HAWKINS, and George Moore, Appellants,

v.

The STATE of Texas, Appellee.

No. 42508.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

------

William B. Portis, Jr., Houston (by Court appointment), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault. The punishment of each appellant was assessed by the court at confinement in the Texas Department of Corrections for 40 years.

The appellants were jointly indicted and tried.

In their sole ground of error the appellants complain of the admission into evidence of an extraneous offense of robbery.

E. G. Tullos, a bus driver, testified that on November 28, 1966, he was robbed of $93.50 in Harris County, Texas. He identified the appellants as his assailants. On cross-examination the appellants, who subsequently asserted a defense of alibi, vigorously interrogated this complaining witness as to such identification.

On re-direct examination the State sought to show only that the complaining witness had seen the appellants on a previous occasion. Prior to the admission of such evidence a hearing, in the absence of the jury, was held to determine its admissibility. There the State established that Tullos had seen the appellants together on his bus on the night of November 15, 1966.

The court, by its own interrogation, elicited from the witness that this observation was during the course of a previous robbery of the same bus driver by the appellants. Thereafter the court ruled that it would only permit the witness to relate that he had seen the appellants on November 15, 1966, but would exclude any testimony as to an extraneous offense. To such procedure the appellants' counsel expressly stated he had no objection. The evidence then offered in the jury's presence was in accordance with the court's ruling.

Under these circumstances we find no merit in appellants' contention that the court erroneously admitted evidence of an extraneous offense.

Further, even if evidence of the extraneous offense had been admitted before the jury, there would appear to be no error.

In Owens v. State, Tex.Cr.App., 450 S.W.2d 324 this Court recently discussed a similar contention. There we said:

"It clearly appears that the issue of identity was raised in the case at bar by cross-examination as occurred in Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901. Certainly by offering evidence as to alibi appellant called into question Mrs. Davis' identification of him as the man who robbed her, thus authorizing the admission of the extraneous offenses. See Parks v. State, Tex.Cr.App., 437 S.W.2d 554.

"Further, testimony as to other robberies committed a short while before or after the robbery charged within the same vicinity and by a person identified as the accused is admissible in refutation of a defense of alibi. 42 A.L.R.2d 854, 867."

For the reasons set forth above, the rule discussed in Hafti v. State, Tex.Cr.App., 416 S.W.2d 824, and relied upon by the appellants is clearly not applicable to the case at bar.

The judgment is affirmed.