**Clifford CURTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42562.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

———◆———

Thomas E. Lucas, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

WOODLEY, Judge.

OPINION

The appeal is from a conviction for robbery by assault of Dan Reed Ellis, Jr. committed in the early morning hours of September 11, 1965, at the service station operated by the complainant Ellis, in the Northeast part of Houston. The appeal did not reach this court until September 30, 1969.

Trial was before a jury on a plea of not guilty. The punishment was assessed by the court at 35 years in the penitentiary.

The complainant's wife, seated in their automobile, witnessed the robbery of her husband which extended over a period of some 15 minutes, and testifying before the jury positively identified appellant as one of the two men who robbed her husband at gun point.

The complainant also identified appellant as one of the robbers but was not so positive in his identification. He fixed the time of the robbery as "between 2:30 and 3:00 A.M."

Appellant's court appointed counsel on appeal, in his supplemental brief filed in the trial court, urges as ground for reversal the contention that the case at bar is not distinguishable from the case of Rodriguez v. State, 170 Tex.Cr.R. 275, 340 S.W. 2d 61, on the basis of Rodriguez having appointed counsel and appellant having counsel of his own choosing as he concluded in his original brief, and urges that the mismanagement of the case at bar, as in the Rodriguez case, shows the denial of appellant's right to effective counsel and requires reversal.

The record reflects a docket entry: "Nov 4 1965 Court appoints S. Bostick" and lists S. Bostick and S. Burns as attorneys for defendant. It also reflects that Sam Bostick and Sam Burns appeared as attorneys for the defendant and represented him at his trial.

The record also reflects that Sam W. Bostick filed motion for new trial and that counsel S. Bostick and S. Burns appeared with appellant when sentence was pronounced and notice of appeal was given. Also the record reflects that after sentence and notice of appeal, appellant filed his sworn motion that he was "too poor to employ counsel to attend and appeal his cause" and prayed "that Sam W. Bostick or some other capable attorney be assigned to him as his attorney to attend and appeal his cause," and that such motion was granted the day it was sworn to and the court appointed Charles W. Gill as attorney to attend and appeal the case.

Thereafter counsel on appeal who filed appellant's brief was appointed by the court.

We find nothing in the record to show that Attorney Burns, who participated in the trial as counsel for appellant, was court-appointed.

There are other reasons why the majority opinion in Rodriguez v. State, supra, is not here applicable.

There is no showing in this record as to the experience or lack of experience or the education of either of appellant's trial counsel.

Appointed counsel did not testify that he did not have sufficient experience to properly defend an individual charged with an offense such as that for which his client was on trial, as did counsel for Rodriguez.

There is in the case at bar the novel situation where the victim of another robbery some 10 miles away was called by the defense for the purpose of proving an alibi.

The defense of alibi was also raised by another witness, a woman who testified that she was living with appellant at the time and he was at home with her on the night in question.

We cannot agree that a denial of effective aid of counsel is shown by appellant's counsel having called these witnesses in an effort to raise a reasonable doubt in the minds of the jurors as to appellant's presence at the time and place the robbery for which he was on trial was committed.

We note in this connection that had the issue of alibi been raised only by the testimony that he was at home in bed at the time of the robbery for which he was on trial, the state would not have been precluded from proving the other robbery committed within a short period of time. See Ferrell v. State, Tex.Cr.App., 429 S. W.2d 901; Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Hawkins and Moore v. State, Tex.Cr.App., 450 S.W.2d 349; Parks v. State, Tex.Cr.App., 437 S.W.2d 554; 42 A.L.R.2d 854, 876.

We have examined the other grounds of error raised in appellant's motion for new trial and set out in appellant's brief and agree with counsel's conclusion that they do not require reversal of the conviction.

The judgment is affirmed.