**Rip Hall McALPINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42909.

Court of Criminal Appeals of Texas.

May 27, 1970.

Charles W. Fairweather, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Michael J. Hinton, Asst. Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for possession of marihuana. After a verdict of guilty the court assessed the punishment at 6 years' confinement in the Texas Department of Corrections but suspended the imposition of the sentence and placed the appellant on probation.

In his sole ground of error the appellant contends "[t]he trial court erred in denying Appellant's motion to quash the search warrant and suppress the fruits of the search because the warrant was issued without probable cause."

During appellant's trial he objected to evidence of the search and in the jury's absence the court conducted a hearing to determine the legality of the search. At the hearing the search warrant and the affidavit upon which it was based were introduced by the State "for the court only." At the conclusion of the hearing the court permitted evidence of the search to be introduced before the jury.

 The affidavit and search warrant were not made a part of the record [1] on appeal which was approved by the court without objection. We are not, therefore, in a position to appraise appellant's contention.

 Where the State secures a ruling from the trial court that the affidavit for a search warrant and the warrant were valid, the State made out a prima facie case authorizing the search, and in order to defeat such case, the accused had burden to bring the warrant and the affidavit to the appellate court so that it could pass upon the correctness of the trial court's ruling. Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260; Irwin v. State, Tex.Cr.App., 441 S.W. 2d 203; Doby v. State, Tex.Cr.App., 383 S.W.2d 418.

Noting appellant's constant references to the testimony of the officer-affiant as to probable cause given at the trial on the merits, we call attention to that portion of the concurring opinion in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, which reads as follows:

"Under the Fourth Amendment of the United States Constitution a search warrant may not be issued in the absence of the showing of probable cause, supported by oath or affirmation. In making such determination it is of no consequence that the affiant or affiants might have had additional information which could have been given to the issuing magistrate. 'It is elementary that in passing upon the validity of the warrant, the reviewing court may consider *only* information brought to the magistrate's attention.' Aguilar v. Texas, supra. 378 U.S. [108] at p. 109, n. 1, 84 S.Ct. [1509] at p. 1511, 12 L.Ed.2d 723 (emphasis in original), citing Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503; 79 C.J.S. Searches and Seizures § 74, p. 872. See also United States v. Roth, 391 F.2d 507 (7th Cir.)."

For the reasons stated, the judgment is affirmed.

---

1. A copy of an unsigned and unexecuted affidavit for a search warrant is attached to the State's brief, but the same cannot be considered by this Court as the affidavit in question.