James **WALSH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43942.

Court of Criminal Appeals of Texas.

June 23, 1971.

Louis G. Mehr, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Stu Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a dangerous drug, to-wit: amphetamine. The punishment was assessed by a jury at a fine of $3,000.00 and 2 years in jail.

Appellant alleges four grounds of error.

The record reflects that on January 22, 1969, Officer Zeringue went to 2148 Wirtcrest, in Houston, to execute a search warrant. He was met at the door by appellant's 12 year old son who told him that his parents were not at home but admitted the officers. They gave him the search warrant and then asked him where his father hid the marihuana. The boy replied "Under the mattress," and led them into the bedroom. Officer Zeringue looked under the mattress where he found a metal box containing 12 marihuana cigarettes and 7 yellow tablets, and then he searched a closet

where he found a plastic bag containing a plant substance.

Officer Billy Todd testified that he conducted the search with Officer Zeringue and found in the lining of a coat pocket 14 pinkish brown capsules in a vial inside a brown paper bag. The vial containing the capsules was admitted into evidence.

Floyd E. McDonald, Chemist and Toxicologist for the Houston Police Department, testified that he did a chemical analysis on the capsules and they contained amphetamine.

Appellant's first three grounds of error are: (1) that the search and seizure was illegal, (2) that the court erred in ruling the search warrant was applicable, and (3) in allowing the state to withdraw the search warrant from evidence.

■ ■ The warrant was not introduced into evidence and there is no evidence in the record which reflects that the warrant was issued without probable cause or that it was invalid on its face. The warrant, not being a part of the record in this case, cannot be considered on review. Mattei v. State, Tex.Cr.App., 455 S.W.2d 761, at p. 765; Doby v. State, Tex.Cr.App., 383 S.W. 2d 418. Further, the testimony of the officers relating to the search and seizure of the items was offered without objection, the only objection being that the exhibits were not properly identified. In the absence of a proper and timely objection based on the claim that the evidence offered was found in an illegal search, no reversible error is shown. Hulin v. State, Tex.Cr.App., 438 S.W.2d 551; Boykin v. State, 172 Tex.Cr. R. 652, 362 S.W.2d 328; Cedillo v. State, 171 Tex.Cr.R. 532, 352 S.W.2d 736; 5 Tex. Jur.2d 68, Appeal and Error—Criminal Cases, Sec. 41.

Appellant's first ground of error is overruled.

■ Next, as previously mentioned, the search warrant was not introduced into evidence. The record reflects that there was a discussion regarding the warrant, whereupon the court stated "May I see the warrant?" and then the court stated: "The Court will rule the warrant to be applicable." Appellant did not object to the affidavit as failing to show probable cause and neither offered nor elicited evidence attacking the validity of a warrant. It was incumbent upon appellant to bring the warrant forward with this record in order to attack its validity.

Ground of error number two is overruled.

■ The contention that the court erred in allowing the state to withdraw the search warrant, after the court announced that it would rule the warrant to be applicable, is also without merit. The record reflects that the state made an offer of evidence and then, before a ruling was made, announced that it would withdraw its tender of the warrant. No error is shown.

Ground of error number three is overruled.

Finally, appellant contends that "this case should be reversed because the trial court allowed the case to go to a verdict after serious fundamental errors were committed by trial counsel."

■ The record reflects that appellant was represented by retained counsel of his own choice. We find no breach of his legal duty. Lawson v. State, 467 S.W.2d 486 (1971); Steel v. State, 453 S.W.2d 486. Viewing the record in its entirety, we conclude that the appellant was adequately represented. Sprueill v. State, 468 S.W.2d 461 (1971); Curtis v. State, Tex.Cr.App., 450 S.W.2d 634.

Ground of error number four is overruled.

Finding no reversible error, the judgment is affirmed.