Henry Lee **TOWNSEND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44893.

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at life.

First, appellant complains of the search, contending that the affidavit upon which the same was made was insufficient to show probable cause.

Neither the search warrant nor the affidavit upon which it was based appears in the record. The record does indicate that they were shown to the trial judge. However, no request was made that they be made a part of the record in accordance with Article 40.09, Sections 1 and 2, Vernon's Ann.C.C.P. Nor was there an objection made to the record on this ground as is required under Article 40.09, Sec. 7, V.A.C.C.P.

Even though the appellant read to the trial court certain portions of the affidavit upon which the search warrant was based, the entire affidavit was not read. Without the entire affidavit being before this court, we are in no position to review the validity of the warrant.

■ The state having secured a ruling from the trial court that the affidavit for search warrant was valid, a prima facie case was made out authorizing such search, and in order to defeat the same the appellant had the burden to bring the warrant and affidavit before this court to get a ruling thereon. e. g. Walsh v. State, 468 S.W.2d 453; Mattei v. State, 455 S.W.2d 761; McAlpine v. State, 455 S.W.2d 247; Doby v. State, 383 S.W.2d 418, cert. denied, 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804 (1965).

■ Also, appellant asserts that the chain of custody of the heroin was not shown during the trial.

Officer Hendry testified that he observed the appellant throw the balloon out the window and he picked it up and gave it to Officer DeHoyos.

Officer DeHoyos identified the balloon received into evidence as the same he had received from Officer Hendry. He stated that his initials were placed on the balloon and they were on the exhibit shown to him at the trial. He further testified that he placed the evidence in a locked evidence box and described the box as "a small metal box with a slot in it that you can put stuff in there, but you can't get it out."

Officer Woodall testified that he retrieved the evidence from the box, placed his initials thereon, and transmitted such evidence to the Dallas City, County Criminal Investigation Laboratory. He identified the exhibit in the court room by means of his initials. He stated that the transmission to the laboratory was personally made by him handing the same to Witness Anderson.

Witness Anderson testified that he received the evidence from Officer Woodall and turned the same over to Dr. Mason.

Dr. Mason testified that he received the evidence from Witness Anderson and that capsules containing a brown material were in the balloon. He analyzed the substance in the capsules and testified that it was heroin.

We conclude that the chain of custody was properly shown. e. g. Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App.1972).

Appellant's pro se briefs have been reviewed and we conclude that a discussion of the contentions therein would add nothing to the jurisprudence of this state.

There being no reversible error, the judgment is affirmed.