**Luciano CEDILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34051.**

Court of Criminal Appeals of Texas.

July 26, 1972.

Rehearing Denied Oct. 18, 1972.

E. Neil Lane, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an out-of-time appeal [1] from a conviction of robbery by assault. The punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

At the outset, the sufficiency of the evidence to support the conviction is challenged. Since the evidence is set forth in detail in the original opinion of this Court, Cedillo v. State, 171 Tex.Cr.R. 532, 352 S.W.2d 736, no further recitation will be made. In again reviewing the evidence, we note that appellant was positively identified as the robber and gave a written confession admitting the offense. We reject appellant's contention that the evidence was insufficient to support the conviction.

Appellant contends the court erred in permitting a transcription of the court reporter's notes to be filed in that the transcription is a "paraphrase or synopsis of the testimony." A review of the transcription of the court reporter's notes reflects that a portion thereof is in narrative form. The proceedings herein having transpired before the 1965 Code of Criminal Procedure, effective January 1, 1966, the 1925 Code of Criminal Procedure is applicable. Lugo v. State, Tex.Cr.App., 398 S.W.2d 769. Art. 759a, Vernon's Ann.C.C.P., (1925), specifically provided for a narrative statement of facts.[2] The statement of facts herein was approved by appellant and the State as being "true, complete and correct transcript of the evidence adduced and proceedings had upon the trial . . ."[3] No error is shown.

Appellant complains that the court erred in making a comment upon the weight of the evidence. If the complained of statement of the court be a comment on the weight of the evidence, no objection was made to same. Absent an objection, no error is shown. Ferrell v. State, Tex. Cr.App., 429 S.W.2d 901; Howard v. State, Tex.Cr.App., 420 S.W.2d 705;

1. The conviction from which this appeal is taken occurred in 1961. Upon direct appeal, which appellant prosecuted pro se, this Court affirmed the conviction. Cedillo v. State, 352 S.W.2d 736 (1962). Thereafter, on August 12, 1968, upon an appeal from a denial of petition for habeas corpus from the United States District Court for the Southern District of Texas, the judgment was reversed and the cause remanded to the trial court "to enter an appropriate order providing the appellant with 'a review of his conviction with the aid of counsel on direct appeal as adequate as if counsel had pursued the appeal and rendered the services of an advocate in the first instance' . . . ." Cedillo v. Beto, 399 F.2d 667 (5 Cir., 1968). On September 13, 1968, the State trial court appointed counsel for prosecution of this appeal. On June 23, 1969, counsel appointed for appeal was allowed to withdraw and appellant's present counsel was appointed. Twenty-five orders extending time for filing appellant's appellate brief were entered in the trial court. The record in the instant appeal reached this Court on March 13, 1972.

2. Art. 759a(D), V.A.C.C.P., provided for a designation in writing of the portions of the evidence desired "and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, . . . ."

3. Art. 759a(E), V.A.C.C.P., provided, "If the Statement of Facts is agreed to by the defendant or his counsel, and the attorney representing the state, it need not be approved by the court."

Franklin v. State, Tex.Cr.App., 409 S.W.2d 422.

 Appellant complains that the court erred in admitting into evidence his written confession. When the confession was offered into evidence, counsel for appellant stated he had "no objection." In absence of an objection, the error, if any, is not preserved. Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147; Reese v. State, Tex.Cr.App., 404 S.W.2d 320; Fisher v. State, Tex.Cr.App., 379 S.W.2d 900; Saenz v. State, 161 Tex.Cr.R. 145, 275 S.W.2d 497.

 Further, the standards of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 for determining admissibility of in-custody statements do not apply to cases tried prior to the Miranda decision. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

 Appellant contends that the arrest and search were illegal, the same having taken place at appellant's apartment. This complaint was made on original appeal where it was urged that the evidence obtained as a result of the search was improperly admitted. Cedillo v. State, supra. We note, as was done in the original opinion of this Court, that the only objection made to the introduction of the pistol and money recovered was to the pistol found in the hallway, and it was, "is not connected up." When objection was made to the introduction of bottles of whisky removed from a cabinet in the apartment where appellant and two girls were found, appellant's counsel objected only if it were shown that it was appellant's apartment. An arresting officer then testified that he did not know whether the place where appellant was arrested was appellant's apartment. We are convinced of the correctness of the holding in the original opinion, "In the absence of a proper and timely objection based upon the claim at least that the whisky was found in a search without warrant of appellant's home, reversible error is not shown."

 Appellant contends that the court erred in permitting convictions in Cause Numbers 49,076 and 60,593 to be used to enhance the punishment for the reason that appellant was not represented by counsel in said Causes. The judgments in both Causes recite that appellant "appeared in person and by counsel." No objection was made to the introduction of the prior convictions on this basis. We find nothing in the record to rebut the presumption of regularity and accuracy of these judgments. See Martin v. State, Tex.Cr.App., 463 S.W.2d 449; Landrum v. State, Tex.Cr.App., 456 S.W.2d 914; Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.

ODOM and DOUGLAS, JJ., not participating.