TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00200-CR






James Booksh, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 005045, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant James Booksh was convicted of three counts of violating the controlled
substance act: Count I for the possession with intent to deliver four grams or more but less than 200
grams of psilocin; see Tex. Health & Safety Code Ann. §§ 481.103(a)(1), .113(a)(d) (West 2003);
Count II for possession with intent to deliver eighty or more abuse units but fewer than 4000 units
of lysergic acid diethylamide; see id. §§ 481.1021, .1121(a), (b)(3); and Count III for the possession
of more than five pounds but less than fifty pounds of marihuana; see id. § 481.121(a), (b)(4). 
Pursuant to a plea bargain agreement, the trial court assessed appellant's punishment on each count
at imprisonment for nine years, the sentences to be served concurrently. In his sole point of error,
appellant asserts that, "The search warrant was invalid as the affidavit supporting issuance of the
warrant failed to establish probable cause." 

 The judgment will be affirmed because the record before us is insufficient for us to
determine that the contraband allegedly seized was seized by authority of an invalid search warrant;
we cannot determine from the record that the contraband that appellant pled guilty to possessing was
unlawfully obtained. At a pretrial hearing, an affidavit for the issuance of a search warrant was
admitted in evidence. However, the record fails to reveal that that affidavit was used to obtain a
search warrant. (1) There is no search warrant in the record. See Bentley v. State, 520 S.W.2d 390,
394 (Tex. Crim. App. 1975); Townsend v. State, 481 S.W.2d 855, 856 (Tex. Crim. App. 1972);
Satillan v. State, 470 S.W.2d 677, 678 (Tex. Crim. App. 1971); Walsh v. State, 468 S.W.2d 453, 454
(Tex. Crim. App. 1971); DeLeon v. State, 297 S.W.2d 140, 141 (Tex. Crim. App. 1957). The record
fails to show how, when, or where the contraband that appellant pled guilty to possessing was
obtained. The record utterly fails to show that the contraband appellant allegedly possessed was
unlawfully seized. In view of the record, appellant's argument concerning the insufficiency of the
affidavit to support the issuance of a search warrant is purely academic. Nothing is presented for
review. See Bentley, 520 S.W.2d at 394.

 On the hearing of his guilty plea, appellant was the only witness. Appellant was fully
advised of his rights both orally and in writing; also, he was advised and admonished about the
consequences of his guilty plea. After consulting with his counsel, appellant waived a jury trial and
entered his pleas of guilty. Appellant testified and stipulated in writing that he was guilty of the
possession of the contraband as alleged in the indictment. The evidence of appellant's guilt, as
shown by the record, sufficiently satisfies the requirements of article 1.15 of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2003).

 Appellant's point of error is overruled. The judgment is affirmed.



 __________________________________________

 Carl E. F. Dally, Justice

Before Chief Justice Law, Justices Kidd and Dally*

Affirmed

Filed: April 10, 2003

Do Not Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.   Although a motion to suppress is included in the clerk's record, it is not verified by
affidavit and it was not offered or admitted in evidence. An appellant's motion to suppress evidence
is a mere pleading; it is not self proving, and unless admitted in evidence, it can not be considered
as evidence on appeal. See Gonzales v. State, 977 S.W.2d 189, 190 (Tex. App.--Austin 1998, pet.
ref'd). Nelson v. State, 629 S.W.2d 888, 890 (Tex. App.--Fort Worth 1982, no pet.). The briefs of
appellant and the State filed in the trial court are in the clerk's record but they were not offered and
admitted in evidence and are not before us for our consideration on appeal. Just because a document
appears in the clerk's record does not mean it can be considered a part of the record on appeal. See
Elam v. State, 841 S.W.2d 937, 940 (Tex. App.--Austin 1992, no pet.). Allegations in a brief do
not constitute proof. Bizzarri v. State, 492 S.W.2d 944, 946 (Tex. Crim. App. 1973).