# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00200-CR

**James Booksh, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 005045, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James Booksh was convicted of three counts of violating the controlled substance act: Count I for the possession with intent to deliver four grams or more but less than 200 grams of psilocin; *see* Tex. Health & Safety Code Ann. '' 481.103(a)(1), .113(a)(d) (West 2003); Count II for possession with intent to deliver eighty or more abuse units but fewer than 4000 units of lysergic acid diethylamide; *see id.* '' 481.1021, .1121(a), (b)(3); and Count III for the possession of more than five pounds but less than fifty pounds of marihuana; *see id.* ' 481.121(a), (b)(4). Pursuant to a plea bargain agreement, the trial court assessed appellant=s punishment on each count at imprisonment for nine years, the sentences to be served concurrently. In his sole point of error, appellant asserts that, AThe search warrant was invalid as the affidavit supporting issuance of the warrant failed to establish probable cause.@

The judgment will be affirmed because the record before us is insufficient for us to determine that the contraband allegedly seized was seized by authority of an invalid search warrant; we cannot determine from the record that the contraband that appellant pled guilty to possessing was unlawfully obtained. At a pretrial hearing, an affidavit for the issuance of a search warrant was admitted in evidence. However, the record fails to reveal that *that* affidavit was used to obtain a search warrant.[1] *There is no search warrant in the record. See Bentley v. State*, 520 S.W.2d 390, 394 (Tex. Crim. App. 1975); *Townsend v. State*, 481 S.W.2d 855, 856 (Tex. Crim. App. 1972); *Satillan v. State*, 470 S.W.2d 677, 678 (Tex. Crim. App. 1971); *Walsh v. State*, 468 S.W.2d 453, 454 (Tex. Crim. App. 1971); *DeLeon v. State*, 297 S.W.2d 140, 141 (Tex. Crim. App. 1957). The record fails to show how, when, or where the contraband that appellant pled guilty to possessing was obtained.

---

[1] Although a motion to suppress is included in the clerk=s record, it is not verified by affidavit and it was not offered or admitted in evidence. An appellant=s motion to suppress evidence is a mere pleading; it is not self proving, and unless admitted in evidence, it can not be considered as *evidence* on appeal. *See Gonzales v. State*, 977 S.W.2d 189, 190 (Tex. App.CAustin 1998, pet. ref=d). *Nelson v. State*, 629 S.W.2d 888, 890 (Tex. App.CFort Worth 1982, no pet.). The briefs of appellant and the State filed in the trial court are in the clerk=s record but they were not offered and admitted in evidence and are not before us for our consideration on appeal. Just because a document appears in the clerk=s record does not mean it can be considered a part of the record on appeal. *See Elam v. State*, 841 S.W.2d 937, 940 (Tex. App.CAustin 1992, no pet.). Allegations in a brief do not constitute proof. *Bizzarri v. State*, 492 S.W.2d 944, 946 (Tex. Crim. App. 1973).

The record utterly fails to show that the contraband appellant allegedly possessed was unlawfully seized. In view of the record, appellant=s argument concerning the insufficiency of the affidavit to support the issuance of a search warrant is purely academic. Nothing is presented for review. *See Bentley*, 520 S.W.2d at 394.

On the hearing of his guilty plea, appellant was the only witness. Appellant was fully advised of his rights both orally and in writing; also, he was advised and admonished about the consequences of his guilty plea. After consulting with his counsel, appellant waived a jury trial and entered his pleas of guilty. Appellant testified and stipulated in writing that he was guilty of the possession of the contraband as alleged in the indictment. The evidence of appellant=s guilt, as shown by the record, sufficiently satisfies the requirements of article 1.15 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2003).

Appellant=s point of error is overruled. The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Law, Justices Kidd and Dally[*]

Affirmed

Filed:   April 10, 2003

Do Not Publish