Roman Navarro ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1061–83.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 24, 1984.

John R. Leigh, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth E. Plagenhoef, Molly Meredith, Paul Macaluso and Lynn Hastings, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of voluntary manslaughter, see V.T.C.A. Penal Code Sec. 19.04, and the trial court assessed punishment at twenty years confinement in the Texas Department of Corrections. The Fort Worth Court of Appeals, pursuant to a transfer under Tex.Rev.Civ.Stat.Ann. art. 1738 (Vernon Supp.1982–1983), affirmed his conviction. *Ross v. State,* 658 S.W.2d 846 (Tex. App.–Fort Worth 1983).

We granted appellant's Petition for Discretionary Review to determine whether the Court of Appeals erred in holding that appellant waived his right to a hearing on the voluntariness of a written custodial statement given by him. We affirm.

While the trial court was hearing pretrial motions, the following colloquy took place between the trial court and appellant's trial counsel:

"THE COURT: There is a voluntary statement in connection with this case, but I'm told the state probably will not plan to use it.

"MR. KENDALL: If they do I'll want a hearing on it.

"THE COURT: Certainly. Well, I believe we've probably had one hearing on it.[1] I'll look at it when and if that time comes, but I've been told they weren't going to use it."

The State did not introduce appellant's written statement during its case in chief. After the State rested, appellant took the witness stand and testified in his own behalf. Appellant testified that when the deceased lunged at him from the barstool on which he (the deceased) was sitting, appellant jerked back and the gun in his hand went off. Appellant further testified that he did not intentionally pull the trigger. On cross-examination the prosecutor, without objection, "impeached" appellant with a portion of a written statement given by appellant to a police officer which read, inter alia: "The next thing I know, I was shooting. Then Frank [the deceased] came off the barstool at me." After this statement was read in front of the jury, the prosecutor questioned appellant concerning its contents at great length *without objection*. On redirect examination, appellant's counsel brought out the circumstances surrounding the taking of appellant's statement. The prosecutor further questioned appellant about the voluntariness of his statement on recross-examination.

After appellant testified, he rested his case. On rebuttal, the State called the police officer who took appellant's statement and offered the above quoted portion of the statement into evidence. The statement was admitted over a defense objec-

tion that the statement was involuntarily given by appellant.

■ Appellant contends that reversible error occurred when the trial court refused to conduct a hearing on the voluntariness of his statement in accordance with the dictates of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Art. 38.22, sec. 6, V.A.C.C.P.

Art. 38.22, sec. 6, supra, states in pertinent part:

"In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with specific findings of fact upon which the conclusion was based, which order shall be filed among the papers in the cause."

Appellant relies on *Page v. State,* 614 S.W.2d 819 (Tex.Cr.App.1981); *Reed v. State,* 518 S.W.2d 817 (Tex.Cr.App.1975); and *Moore v. State,* 505 S.W.2d 887 (Tex. Cr.App.1974), to support his contention that his objection to the admission of his statement required the trial court to conduct the hearing prescribed by Art. 38.22, sec. 6, supra. In *Page v. State,* supra, we wrote:

"*[T]he trial court has the duty, even in the absence of a specific request for a hearing, to respond to an objection to the voluntariness of a confession by holding a hearing on the issue* and making express findings of fact and conclusions of law that decide the issue."

Id. at 821 [emphasis in original]. *Reed,* supra, and *Moore,* supra, are of similar import. However, a close examination of these cases reveals that in each case a *timely*[2] objection was made to the intro-

---

1. The trial judge was apparently referring to appellant's first trial, since this record reflects that no such hearing was conducted in connection with this cause.

2. All emphasis is that of the writer unless otherwise indicated.

duction of the defendant's confession. In the case at bar, an entirely different situation exists. Appellant was impeached with his written statement, *without objection*, before the State ever offered it into evidence. Art. 38.22, sec. 5, V.A.C.C.P., reads in pertinent part: "Nothing in this article precludes the admission of a ... *voluntary statement*, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a *witness....*" Thus, in the instant case, the issue of voluntariness first arose when appellant was impeached on cross-examination. If the appellant wanted to contest the voluntariness of his written statement, it was incumbent upon him to object to its use for impeachment purposes during such cross-examination. By waiting to object until the State offered the statement during rebuttal, appellant waived his right to a hearing on the voluntariness of his statement. *Lyles v. State*, 171 Tex.Cr.R. 468, 351 S.W.2d 886 (1961).[3]

Appellant also contends that the pretrial colloquy between his attorney and the trial court raised a question as to the voluntariness of his statement and required the trial court to conduct the hearing mandated by Art. 38.22, sec. 6, supra. We disagree. The remark made by appellant's counsel to the judge during the pretrial colloquy, can, at best, be described as a *conditional* oral motion to suppress evidence.

■ This Court has previously held in the search and seizure context that oral pretrial motions to suppress, unsupported by evidence, do not preserve error on appeal when no timely objection is voiced to the admission of the evidence sought to be suppressed at trial on the merits. *Writt v. State*, 541 S.W.2d 424 (Tex.Cr.App.1976). Additionally, this Court has held that a pretrial motion to suppress filed on the day of trial is untimely filed, *Sonderup v. State*, 418 S.W.2d 807 (Tex.Cr.App.1967), and the trial court does not err in denying

such motion, *Bosley v. State*, 414 S.W.2d 468 (Tex.Cr.App.1967), cert. den. 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162, or in refusing to conduct a hearing thereon. *Smith v. State*, 437 S.W.2d 835 (Tex.Cr. App.1969). The holdings in *Sonderup*, supra, *Bosley*, supra and *Smith*, supra, are premised on the fact that nothing in Art. 28.01, V.A.C.C.P., which governs pretrial motion practice, or elsewhere in the Code of Criminal Procedure requires the trial court to hear motions to suppress before trial. See *Bosley*, supra. When no pretrial hearing is held, the defendant must object when the evidence is offered at trial to preserve error on appeal. *Writt*, supra. If a timely objection is urged at trial, a suppression hearing is then conducted during the trial outside the presence of the jury. See *Bosley*, supra, and authorities cited therein.

■ Similarly, nothing in Art. 38.22, sec. 6, supra, requires the trial court to hold a pretrial hearing on the voluntariness of an accused's statement, although sec. 6 does authorize the trial court to so do. The trial court can hear the motion to suppress before trial or wait until the defense makes a timely objection at trial before holding the hearing.

■ Since we can discern no inconsistency between the procedure for suppressing search and seizure evidence anda the procedure for suppressing confessions, we hold that the pretrial remark of appellant's trial counsel was not sufficient to preserve a question as to the voluntariness of appellant's statement.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents.

---

**3.** While the decision in *Lyles v. State* predates the enactment of Art. 38.22, the accused in Texas has long enjoyed the right to have the admissibility of his written statement determined outside the presence of the jury. See *Figueroa v. State*, 473 S.W.2d 202 (Tex.Cr.App.1971), and the cases cited therein.