In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-01080-CR

____________


REINA ISABEL VELASQUEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 870237






O P I N I O N

 A jury found appellant, Reina Isabel Velasquez, guilty of the felony offense of injury
to a child. During the trial's punishment phase, appellant entered into a plea agreement with
the State, and pursuant to that agreement, the trial court assessed her punishment at four years
in prison. In two issues, appellant argues that the trial court erred in denying her motion to
suppress her statement and that she was denied effective assistance of counsel. We affirm.

Background

 Appellant brought her 18-month-old daughter, C.V., to Texas Children's Hospital,
claiming that C.V. had fallen from a three-foot-high bed and, as a result, was not active or
eating. C.V.'s medical examination revealed that she had several bruises of various colors
on her back and thigh, signifying different times of onset. Most of C.V.'s hair had been
pulled out, and there was a large bruise on her forehead. Based on C.V.'s injuries, the
hospital staff contacted Houston Police Officer J.J. Gonzalez, a child abuse investigator. 
During her first interview with Officer Gonzalez, appellant blamed the babysitter for C.V.'s
injuries. Gonzalez interviewed the babysitter and dismissed her as a suspect. Officer
Gonzalez asked appellant if she would come to talk with him a second time about the
investigation. Appellant agreed to meet with him. 

 During her second interview, appellant testified that she first spoke to Houston Police
Officer Joann Valverde, who was also investigating the incident, then she spoke to Gonzalez. 
Appellant admits that she voluntarily agreed to meet with Gonzalez. However, she claims
that the written statement she made during that interview was not voluntary. She contends
that Gonzalez and Valverde promised to return her children if she gave a written statement. 
Gonzalez and Valverde testified that they had made no promises and no threats to appellant
before she made her statement. Appellant testified that she did not attempt to terminate the
interview and that she knew that she could walk out at any time, but that she did not. 
Appellant was allowed to go home after giving her statement.

Discussion


Motion to Suppress

 In her first issue, appellant contends that the trial court erred in failing to grant her
motion to suppress her written statement. Appellant claims her statement was involuntary
because she was told what to write and was promised that her children would be returned to
her if she confessed.

 Appellate courts should afford almost total deference to trial courts' rulings on
application-of-law-to-fact questions if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor, also known as mixed questions of law and fact. 
Garcia v. State, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000). This is the proper standard of
review because the trial court is in a better position to evaluate the credibility and demeanor
of witnesses than is an appellate court, which must rely on only a written transcript. Id.

 If the trial court determines the statement was voluntarily made, it must enter an order
stating its conclusions along with specific findings of fact on which such conclusion was
reached. Tex. Code Crim. Proc. Ann. art. 38.22 §6 (Vernon 1979). Appellant agreed that
the motion to suppress could be carried with the trial; thus, the trial court did not hold a
separate hearing.

 Gonzalez testified that, on October 2, 2000, he asked appellant if she would come to
the police station and talk to him about the investigation, and she freely agreed. On arrival,
appellant met with Valverde, who was also investigating the incident. Valverde testified that
she neither made any promises to appellant nor coerced appellant into making a statement. 
Gonzalez testified that he subsequently met with appellant and appellant agreed to give a
written statement. Gonzalez spoke with appellant in Spanish because she is Salvadorean and
spoke very little English. Gonzalez read appellant her legal warnings in Spanish, and she
seemed to understand the warnings, which were written in Spanish on her statement form. 
As a precaution, Gonzalez asked appellant to explain the meaning of each right before she
placed her initials next to it on the form.

 Appellant claims she was coerced into making the written statement because the
officers promised to return her children in exchange for the statement. Appellant testified
that she was not threatened or handcuffed, nor was she denied food, water, or the ability to
use the facilities. Appellant admitted knowing that she was free to leave and free to
terminate the interview at any time, but decided to remain and make a written statement. 
Appellant left the police station after giving her statement.

 At the close of evidence, the trial court dictated its findings of fact and conclusions
of law into the record of the hearing on appellant's motion to suppress. See Tex. Code
Crim. Proc. Ann. art. 38.22 §6. Based on the testimony given, the court found that the
statement was voluntary and should be admitted. The court concluded that, according to
appellant's own testimony, appellant was not in custody at the time she gave her statement
and was free to terminate the interview at any time. The trial court further stated that
appellant had made her statement freely and voluntarily, with a clear understanding of what
she was doing and without threats or promises.

 After reviewing all the evidence, we conclude that the trial court's finding that
appellant voluntarily made her statement is supported by the record, and we overrule
appellant's first point of error.

Ineffective Assistance of Counsel

 In her second issue, appellant argues that she was denied effective assistance of
counsel because her trial counsel (1) failed to object to her statement being offered into
evidence in the presence of the jury, (2) failed to request a separate hearing on the
voluntariness of her statement, and (3) failed to receive a ruling on the motion to suppress
before trial.

 We follow the standard of review for evaluating claims of ineffective assistance of
counsel as set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). Appellant must show that (1) counsel's performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment, and (2) but for the counsel's
error, the result of the proceedings would have been different. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. 

 Appellant has the burden of proving ineffective assistance of counsel. Id. Moreover,
appellant must overcome the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at
2065. 

 The procedure for challenging the voluntariness of a statement is contained in the
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.22 §6. Although, the
issue of voluntariness may be raised by a pretrial motion, the trial court may decline to hold
a hearing until counsel objects during trial. Ross v. State, 678 S.W.2d 491, 493 (Tex. Crim.
App. 1984). Here, defense counsel filed a pretrial motion to suppress the statement, but did
not request a pretrial hearing. Even if counsel had requested a pretrial hearing, the trial court
was free to deny the request and wait until trial to hear evidence on the motion to suppress. 
Id. We hold that the failure to obtain a pretrial hearing on appellant's motion to suppress did
not constitute ineffective assistance of counsel. We overrule appellant's second issue.Conclusion

 We affirm the judgment of the trial court.

 

 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.