Affirmed and Memorandum Opinion filed March 2, 2004









Affirmed and Memorandum Opinion filed March 2, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00272-CR

____________

 

DEMETRUSE LEONARD
SMITH,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 899,576

 



 

M E M O R A N D U M   O P I N I O N

The jury found appellant guilty of
possession of cocaine with intent to deliver and the trial court assessed punishment
at twenty-five years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 
In two issues, appellant contends the trial court erred in denying his
motion to suppress because (1) the search affidavit failed to state probable
cause and (2) the officers executing the warrant failed to comply with the
knock-and-announce rule.  We affirm.

 








FACTUAL BACKGROUND

On January 16, a search warrant for an
apartment was requested based on information from a confidential
informant.  Once the warrant was issued,
officers executed it by using a battering ram to gain entry to the
apartment.  Appellant was arrested along
with three others.  Officers seized a
pistol and approximately 16 grams of marijuana, 1,500 grams of powder cocaine,
and 52 grams of Acrack@ cocaine.  Based on the seizure of the cocaine,
appellant was convicted of possession of cocaine with intent to deliver.

ANALYSIS

Appellant 
contends the trial court erred in denying his motion to suppress because
(1) the search affidavit failed to state probable cause and (2) the officers
executing the warrant failed to comply with the knock-and-announce rule.  Appellant filed a pretrial motion to suppress
and the trial court apparently carried the motion until trial.  The trial court held a hearing and overruled
the motion to suppress after both parties had rested.

To preserve a complaint for appellate
review, the record must show that the complaint was made by a timely request,
objection, or motion, and that the trial court ruled on the request, objection,
or motion.  Tex. R. App. P. 33.1(a). 
Generally, a pretrial motion to suppress evidence which has been
overruled will preserve error as to that evidence.  Moraguez v. State, 701 S.W.2d 902, 904
(Tex. Crim. App. 1986).  If the trial
court does not hold a pretrial hearing on a motion to suppress evidence, the
defendant must timely object to that evidence at trial to preserve error; the
mere filing of the motion is not sufficient. 
Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988); Ross
v. State, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984); Thomas v. State,
884 S.W.2d 215, 216 (Tex. App.CEl Paso 1994, pet.
ref=d).  To be timely, the complaint Amust be made as
soon as the ground for complaint is apparent or should be apparent.@  Aguilar v. State, 26 S.W.3d 901, 905
(Tex. Crim. App. 2000).  








Because appellant did not obtain a ruling
on his motion to suppress before the evidence was presented, he was required to
object to that evidence at trial.  By the
time appellant requested a running objection to the items seized, a deputy had
already testified without objection that the pistol, marijuana, and several
bags containing powder and crack cocaine were found in the apartment.  Because appellant failed to object at the
earliest possible time, he waived any error. 
Both of appellant=s issues are overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 2, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).