Affirmed and Memorandum Opinion filed June 27, 2006









Affirmed
and Memorandum Opinion filed June 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 
14-04-00863-CV 

        14-04-01180-CV

____________

 

IN THE INTEREST OF
R.A.

 

 



 

On Appeal from the 313th
District Court

Harris County, Texas

Trial Court Cause Nos. 04-06252J
and 03-02766J

 



 

 M E
M O R A N D U M   O P I N I O N

Appellant R.A., a minor who had been
placed on juvenile probation for engaging in delinquent conduct, was
subsequently found to have engaged in delinquent conduct by committing the
offense of possession of marijuana.  In
one issue, appellant argues the trial court abused its discretion in denying
his motion to suppress evidence of the marijuana and that, without this
evidence, the trial court=s adjudication cannot withstand a challenge
to the legal and factual sufficiency of the evidence.  We affirm.








I.  Factual and Procedural Background 

On or about July 2, 2004, Bruce Zigmont,
an off-duty deputy with the Harris County Sheriff=s Department was
shopping with his family.  While leaving
a meat market, he nearly collided with appellant.  As the deputy passed the boy, he detected a
strong odor, which he believed to be marijuana. 
The deputy then saw smoke coming from appellant=s person.  There was no one else nearby. 

Deputy Zigmont contacted Deputy Stephen
Herrmann, whom he knew to be on patrol in the area.  Deputy Zigmont informed Deputy Herrmann that
a male walking northbound on Freeport Street possibly possessed marijuana.  Deputy Zigmont described the suspect as a
Hispanic male, with a large, shaved head, who was olive-complected and wearing
a white tee-shirt and blue denim shorts that fell below the knees.   Deputy Herrmann and Deputy Zigmont had
several telephone conversations verifying this description.  At trial, Deputy Zigmont identified appellant
as the person he encountered outside the meat market and then described to
Deputy Herrmann. 

After receiving the information from
Deputy Zigmont, Deputy Herrmann advised him that he would check the area as
soon as he completed another case. 
Shortly thereafter, Deputy Herrmann drove to the area and observed a
male (appellant) who fit the description given by Deputy Zigmont.  Deputy Hermann got out of his automobile,
approached appellant, and asked to speak to him.  Deputy Herrmann immediately noticed the smell
of marijuana on appellant=s person and clothing and asked appellant
if he had any contraband or weapons. Appellant replied that he did not.  Deputy Herrmann informed appellant that he
needed to search appellant for Asafety@ purposes. During
the pat-down, Deputy Herrmann felt a squishy, round object, which he believed
to be either a cigar or marijuana, neither of which  appellant, as a juvenile, was allowed to
possess.  Deputy Herrmann removed the
object from appellant=s pocket and placed it on the hood of his
patrol car.  He concluded that it was a
cigar containing marijuana and arrested appellant for possession of
marijuana.  








Appellant was charged in cause number
04-06252J of engaging in delinquent conduct by committing the offense of
possession of a useable quantity of marijuana under two ounces.  Because of this offense, his prior probation
in cause number 03-02766J was revoked.[1]   Appellant waived his right to a jury and his
right to have the case heard by the elected judge of the court. The trial was
conducted before the associate judge of the court, who found appellant guilty
of the charged offense, and ordered appellant=s placement in
custody of the Texas Youth Commission until he reached the age of twenty-one or
was duly discharged by the commission. Appellant filed a motion for new trial,
which was denied.

II. Analysis

On appeal, appellant asserts that the
trial court abused its discretion in denying his motion to suppress the
marijuana. Without the marijuana, appellant argues, the evidence is legally and
factually insufficient to support the trial court=s adjudication.[2]  The State responds that appellant failed to
preserve this issue for appellate review. Accordingly, as a threshold matter,
we consider whether appellant took the necessary steps to preserve error.

Appellant=s motion to
suppress the marijuana found on his person was based on illegal search and
seizure grounds.  Appellant did not
obtain a hearing or ruling on his motion to suppress.  The mere filing of the motion to suppress
does not preserve error.  To raise this
complaint on appeal, appellant must demonstrate that he made a timely objection
at trial.  See Ross v. State, 678
S.W.2d 491, 493 (Tex. Crim. App. 1984).

 

 








 To
be timely, an objection must be raised at the earliest opportunity or as soon
as the ground of objection becomes apparent. Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App.  1993); Johnson
v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), overruled on other
grounds, Heitman v. State, 815 S.W.2d 681, 685 (Tex. Crim. App. 1991).   The record reflects that appellant failed to
obtain a timely ruling on his motion to suppress. Although at trial
appellant made objections to the admission of the marijuana, his objections
came too late.  Consequently, none of his
objections preserved error for our review. 


Deputy Herrmann=s testimony on the
first day of trial was substantially the same as his testimony on the second
day. Appellant did not object during Deputy Herrmann=s first day of
testimony.[3]
 On the second day, however, appellant
objected as follows:

Q: [State]: And
is there any other articulate facts that would identify, lead you to believe
that it was a cigar or other possible contraband? 

A: [Deputy]:
No. Besides the odor on his person. I mean, that was it. And I even asked him, AWhat is this?@ Which I believe he statedBI don=t know if he said cigar or
marijuana. Which he was a juvenile. He is not supposed to have either one.

Defense Counsel: At this time I object to the
evidence of the cigar, since I filed a motion to suppress. And ask for a
running objection throughout the hearing. 
So, my objection will be observed for the purposes of the motion to
suppress.

The Court: Your objection is overruled. 

Defense
Counsel: Can I
have a running objection?

The Court: You can have a running objection,
and that=s overruled, as well.

.  .  .

Q: [State]: And
in your training and experience, do you believe this to be marijuana?








Defense Counsel: Again, Your Honor, for the purposes
of the record, to be extra cautious for the motion to suppress. And, again, I=m asking for a running objection. 

The Court: The objection is overruled, and you=re allowed a running objection,
which is overruled. 

Because Deputy Herrmann already had
testified to these matters by the time appellant objected on the second day,
appellant=s objections were not timely, and thus did
not preserve any error in regard to suppression of the marijuana.   See Fuentes v. State, 991 S.W.2d 267,
273 (Tex. Crim. App.  1999) (stating the
objecting party must continue to object each time objectionable evidence is
offered otherwise, the objection is waived); Marini v. State, 593 S.W.2d
709, 714 (Tex. Crim. App. 1980) (holding that defendant waived error in
admission of LSD tablets and marihuana by failing to object to testimony of
officer with regard to finding those drugs); Turner v. State, 642 S.W.2d
216, 217 (Tex. App.BHouston [14th Dist.] 1982, no writ)
(stating that defendant=s complaint with regard to admission of
exhibits seized after search incident to arrest waived for failure to object to
preceding testimony of officer regarding arrest and items found in search).[4]


Prior to the
actual admission of the marijuana into evidence, appellant again objected: 

State: The State would like to offer this
into evidence as Petitioner=s 2A and B and its contents.

.  .  .

Defense Counsel: I=m going to object on the basis of,
he hasn=t established that he knows for
sure that=s the same marijuana that was taken
fromCon July 2nd, from this respondent. 

The
Court: It will be
overruled. P2A and B are admitted. 








This objection failed to preserve error
because it does not comport with the objection appellant now urges on
appeal.  The Achain of custody@ objection
appellant made at trial is not sufficient to preserve error on his contention
that the trial court erred in not suppressing evidence of the marijuana based
on the grounds asserted in his motion to suppress, which do not include a Achain of custody@ objection.  See Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002) (holding that if the objection in the trial court
differs from the complaint on appeal, the defendant has failed to preserve
error for review); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim.
App. 1995) (stating to preserve error for appellate review, complaint on appeal
must comport with objection at trial, and an objection stating one legal theory
may not be used to support a different legal theory on appeal). 

Finally, after the
evidence was admitted and the State rested, appellant asserted the
following objection: 

The
Court: State
rests.

Defense Counsel: At this time, Your Honor, the
respondent urges his motion to suppress the marijuana. And we would submit this
memorandum of law in support of the motion to support. 

(content of
counsel=s argument omitted)

The Court: Okay. I have already admitted the
marijuana into evidence. And the motion to suppress at this time is moot. And I
will go ahead and deny it. 

Defense Counsel: But I had a running objection,
Your Honor, before it was admitted. 

The Court: And I understand. And the motion is denied. The motion to
suppress is denied. 

Appellant=s urging of his
motion to suppress after the evidence already had been admitted was too
late to preserve error on this point.  See
Ross, 678 S.W.2d at 493 (holding that when no pretrial hearing is held,
defendant must properly object when evidence is offered at trial to preserve
error on appeal; if timely objection is urged at trial, suppression hearing is
then conducted during trial outside the presence of the jury). 

 








III. Conclusion

We conclude that
appellant failed to preserve error with respect to suppression of the marijuana
because he failed to obtain a timely ruling on his motion to suppress or
properly and timely object to the admission of the evidence made the subject of
this motion.  Accordingly, we overrule
appellant=s sole issue in both cases and affirm the
trial court=s judgments.[5]


 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed June 27,
2006.

Panel consists of Justices Anderson, Edelman, and Frost.

 

 











[1]  Appellant was
placed on juvenile probation in cause number 03-0266J for engaging in
delinquent conduct.  The terms of his
probation were violated when he committed the offense of possession of
marijuana. 





[2]  Appellant does
not argue that the evidence is legally and factually insufficient with the
marijuana  properly admitted as evidence.






[3]  In addition,
Deputy Zigmont testified before Deputy Herrmann, as to the facts
displaying appellant=s possible possession of marijuana. Without objection,
Deputy Zigmont testified that when appellant approached him, he noticed the
smell of marijuana on appellant and saw the smoke coming from appellant=s person. 





[4]  Even if these
objections were timely, appellant=s mere
reference that he had a motion to suppress on file is not a proper objection. See
Villareal v. State, 811 S.W.2d 212, 217 (Tex. App.BHouston [14th Dist.] 1991, no writ) (stating that an
objection to the admission of evidence must be specific and the grounds for the
objection must be clearly expressed in order to preserve error).  Despite appellant=s reference to a motion to suppress Aon file,@ he did
not alert the trial court to the alleged errors of which he now complains. 





[5]  Because
appellant failed to preserve error as to whether the trial court abused its
discretion in denying his motion to suppress, we do not reach the merits of
that argument or the merits of his sufficiency challenge. We therefore find no
basis to disturb the trial court=s
judgment revoking appellant=s prior probation.