

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00346-CR

WALTER HALL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Walter Hall was convicted by a jury of aggravated robbery with a deadly weapon and was sentenced to forty years' confinement in the Texas Department of Criminal Justice, Institutional Division. In two points, Hall argues that (1) the evidence is insufficient to support his conviction and (2) the identification procedure used to identify him violated his due process rights under both the United States and Texas constitutions. Because we hold that the

[1]*See* Tex. R. App. P. 47.4.

evidence is sufficient to support Hall's conviction and because Hall failed to properly preserve his challenge to the identification procedure, we affirm the judgment of the trial court.

**Sufficiency Challenge**

In his first point, Hall asserts that the evidence is insufficient to sustain a verdict against him. Specifically, Hall claims an improper identification process irrevocably tainted his conviction. Hall further argues that the items of physical evidence introduced at trial fail to connect him to the robbery as a matter of law.

In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all the evidence, both direct and circumstantial, in the light most favorable to the verdict to determine, based on that evidence and reasonable inferences, whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We defer to the jury's weight and credibility determinations because it is within the jury's sole province to assess credibility, resolve conflicts in testimony, and weigh the evidence. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

At trial, Fredy Gonzalez testified that while he was at home with his young son and daughter on a summer evening, a large man entered his home uninvited through the back door. Dressed in black pants, black shirt, and mask, the man pointed a long .38 caliber black revolver at Gonzalez. He demanded money. The man then removed the cash from Gonzalez's wallet, which Gonzalez testified was about $32.00, hit Gonzalez in the head, and shot at Gonzalez twice. The gun made noises, but no bullets were fired. The man also searched several rooms of the home. In Gonzalez's daughter's bedroom, the robber demanded jewelry without success. Ultimately, the robber took cash from the wallet, a flat-screen Toshiba television, its remote control, and Gonzalez's cell phone with him when he exited the home.

Gonzalez, with the aid of his neighbor, contacted the police, and several police officers responded. Officer Matthew McMeans contacted Air One, the Fort Worth Police Department's helicopter, and requested helicopter support to locate the individual. The remaining officers responding to Gonzalez's call established a search perimeter in the wooded area around Gonzalez's home and, with the help of the Air One helicopter, located a man without a shirt but otherwise matching Gonzalez's description of the intruder. When Air One shined its light on the man, he ran. The police identified themselves and ordered the man to stop, but he kept running. A chase ensued, and ultimately the man was tackled and detained. During the detainment, the suspect was not compliant—kicking,

3

fighting, yelling. A Toshiba remote control was found in the back pocket of the suspect's black pants. The suspect was later identified as Hall.

Once Hall was restrained and in the police car, the police transported him to Gonzalez's home and asked Gonzalez to identify the suspect while the suspect sat in the patrol car. Gonzalez testified, "I looked at him and he looked just like him, because he had been wearing the black shirt and black pants, but at the time that I saw him the second time, he was just wearing the plastic [covering], but he looked exactly like him when he was wearing the black pants, but at that time he was no longer wearing a mask."

A search of the area revealed a flat-screen Toshiba television in an open field and a black, torn shirt hanging on a barbed wire fence. The officer who found the shirt testified that the shirt was sweaty or damp and that he therefore believed that the shirt had not been there long. Despite a search, no gun was located; however, a later search of Hall's pants pockets did reveal $26.00 in cash and six .38 caliber bullets. Additionally, in a search of Gonzalez's home, the police found a hat near the back door that did not belong to Gonzalez. Subsequent DNA testing on the hat matched Hall.

Hall argues that the evidence is insufficient to prove he was the person who robbed Gonzalez because the identification process used at the crime scene was improper and because certain physical evidence admitted at trial was not relevant or credible. We disagree. This court must evaluate all the evidence in the record, whether admissible or inadmissible, when making a legal sufficiency

4

determination. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Thus, regardless of whether Gonzalez's identification of Hall at the scene as his attacker was properly admitted, such evidence is properly considered in a sufficiency review of the evidence. *See Winfrey*, 393 S.W.3d at 767; *Dewberry*, 4 S.W.3d at 740. Similarly, Hall's complaint that certain items of physical evidence were not relevant fails under a sufficiency challenge for the same reason. *See Winfrey*, 393 S.W.3d at 767; *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Finally, Hall's credibility challenge to certain items of physical evidence, such as the hat recovered at Gonzalez's home, fails to acknowledge or recognize that the jury is the sole judge of the credibility of witnesses and of the strength to be given to the evidence. *See Brooks*, 323 S.W.3d at 899. It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Here, the jury heard evidence that Hall, a man fitting Gonzalez's description of his attacker, was found running near the scene of the robbery soon after the robbery. The jury further heard evidence that Hall refused to stop running when ordered by the police and that once he was detained, he had in his back pants pocket the remote control stolen from Gonzalez's home. Additionally, the jury heard that Hall had approximately the same amount of cash in his possession that Gonzalez had reported stolen from his wallet and six bullets in

5

his pocket that were of the same caliber as the gun used in the robbery. Finally, the jury heard that Hall's hat was found at Gonzalez's home and that Gonzalez identified Hall as his attacker a short time after the crime. On this record, we conclude that a jury could reasonably find beyond a reasonable doubt that Hall committed aggravated robbery with a deadly weapon against Gonzalez. We overrule Hall's first point.

### Identification Procedure

In his second point, Hall argues that Gonzalez's "show-up," "one-on-one" identification of him violated his due process rights under both the United States and Texas constitutions. *See Stovall v. Denno*, 388 U.S. 293, 302, 87 S. Ct. 1967, 1972 (1967) (recognizing that based on totality of circumstances, confrontation of accused for identification purposes may infringe due process rights). Hall asserts that eyewitness identification carries great weight with a jury yet, here, the identification was too suggestive to have credibility.

The admissibility of evidence may be challenged in either of two ways: (1) by objecting to the admission of the evidence at the time it is offered at trial and requesting a hearing outside the presence of the jury; or (2) by filing a pretrial motion to suppress evidence and having the motion heard and ruled on before trial. *Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). Here, Hall failed to do either. He filed a pretrial motion to suppress the identification evidence as impermissibly suggestive and unreliable, but he did not obtain a ruling on the pretrial motion. During trial, Hall raised no objection to Gonzalez's

6

testimony concerning his identification of Hall at the scene. To preserve a complaint for appellate review, the record must show that the appellant made his specific complaint known to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection, or motion. Tex. R. App. P. 33.1(a); *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). Because Hall did not obtain a ruling on his motion to suppress or object to the identification evidence at trial, he has failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a); *Aguilar v. State*, 26 S.W.3d 901, 905 (Tex. Crim. App. 2000). We overrule Hall's second point.

## Conclusion

Having overruled Hall's two points, we affirm the judgment of the trial court.

PHYLIS J. SPEEDLIN
JUSTICE

PANEL: MCCOY and MEIER, JJ.; and PHYLIS J. SPEEDLIN (Senior Justice, Retired, Sitting by Assignment)

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 12, 2013

7