**Affirmed and Memorandum Opinion filed October 24, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01036-CR

---

**SAM GALVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1823201**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Sam Galvan of misdemeanor driving while intoxicated (DWI), and the trial court assessed punishment at 90 days in jail. Appellant challenges his conviction in two issues, arguing that (1) the evidence is insufficient to support his conviction; and (2) the trial court erred in admitting evidence of a statement made to the police. We affirm.

BACKGROUND

At approximately midnight on April 21, 2012, Armando Garcia was attending a neighborhood barbecue at his neighbor's home directly across the street from Garcia's house. Garcia observed an individual drive a vehicle into Garcia's front yard, collide with a flower container, back out of the yard, and end up stranded in a drainage ditch. When the individual could not get the vehicle to move out of the ditch, he opened the driver's door and fell out of the vehicle. At this moment, one of the neighbors called the police. The individual stood up and began to try to push the vehicle out of the ditch. When the police arrived, Garcia identified appellant as the individual who had been driving the vehicle. At trial, Garcia described the individual's characteristics, but did not independently recognize the appellant as the individual he had seen the night of the accident.

When Officer David Sokoloski arrived on the scene he found a vehicle "nose first in the ditch." He testified that he found an individual approximately two houses away from the vehicle "inside of a bush, just rummaging through a bush." Sokoloski identified appellant as the man he had found in the bush. Sokoloski had to assist appellant to the officer's patrol car because appellant could not walk steadily. When they arrived at the patrol car, Sokoloski asked appellant whether he was driving the vehicle, and appellant responded that he was. Because appellant appeared intoxicated, Sokoloski called for a DWI task force unit.

Officer E. Swift was the officer called from the DWI task force. When Swift arrived, she asked appellant to step out of the patrol car and began asking him about what had happened. Swift noticed appellant's balance was not steady, his speech was slurred, his eyes were red and glassy, and he smelled of alcohol. Swift stated that she asked appellant where he was coming from, and appellant explained that he was driving the vehicle from a friend's house but did not

2

remember driving into a ditch. Swift testified there was no one else on the scene who was identified as a passenger or driver of the vehicle.

After conducting three field sobriety tests, Swift placed appellant in handcuffs and read the statutory warning explaining the consequences of refusing to provide breath or blood samples. After Swift read the statutory warning to appellant, he stated he had not been driving the vehicle and refused to provide breath or blood samples. Swift testified that prior to the reading of the warning, appellant stated multiple times that he had been driving the vehicle. After appellant refused to give a breath or blood sample, Swift placed him in the back seat of her patrol car. Registration for the vehicle involved in the accident came back in the name of Edward Galvan at appellant's address. Swift transported appellant to "Central Intox" where she obtained a search warrant to take his blood and have it tested for blood alcohol concentration. A test measured appellant's blood alcohol concentration at .15 grams of alcohol per 100 milliliters of blood.

Appellant presented the testimony of Rudolph DeLeon, who testified that he was appellant's designated driver the night of the accident. DeLeon testified that he was driving when the car ran into the ditch. He said he left the vehicle and appellant at the scene in search of help. According to Deleon, everyone was gone when he returned to the scene.

## ANALYSIS

Appellant contends the evidence is legally insufficient to support his conviction, and that the trial court erred in admitting into evidence statements made to Officers Sokoloski and Swift while appellant was in custody.

## I.    Sufficiency of the Evidence

Appellant contends the evidence is insufficient to support his conviction

3

because the State failed to show he was operating the vehicle.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and the standard of review on appeal is the same for both direct and circumstantial evidence cases. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

A person commits the offense of driving while intoxicated if the person is intoxicated while driving or operating a motor vehicle in a public place. Tex. Penal Code § 49.04(a). To support a finding that the defendant was intoxicated while operating a motor vehicle, there must be a temporal link between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Such a finding can be supported by direct or circumstantial evidence. *Id.* (holding conviction can be supported solely by circumstantial evidence). "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object." *Id*.

Appellant does not dispute the finding that he was intoxicated, but claims the evidence did not show he was driving the vehicle when the accident occurred. Appellant argues that his extrajudicial confession alone is not sufficient to support a conviction, and that the officers' testimony was not corroborated by sufficient

4

evidence.  Appellant is correct that an extrajudicial confession, standing alone, is insufficient to support a conviction without other evidence showing that a crime has in fact been committed.  *See Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002).  In this case, appellant does not argue that a crime was not committed; he argues the evidence is insufficient to show he was the person who committed the crime.  The purpose of the corroboration requirement is to ensure that a person confessing to a crime is not convicted without independent evidence that the crime actually occurred.  *Id*.  Therefore, the corpus delicti rule is satisfied if some evidence exists outside of the extrajudicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred.  *Id*. at 645.

In arguing that the evidence is insufficient, appellant relies on the fact that Garcia, the neighbor whose yard appellant drove into, could not positively identify appellant in court.  Although Garcia could not positively identify appellant at trial, Garcia identified appellant at the accident scene as the vehicle's driver and sole occupant.  The following facts support a determination that appellant was the vehicle's driver:  Garcia observed appellant drive a vehicle into Garcia's yard, hit a flower container, back out of the yard, and wedge the vehicle in a ditch; appellant was the only occupant of the vehicle and he fell out of the vehicle when he opened the door; and appellant admitted several times to the arresting officers that he was the driver.

Appellant presented testimony that DeLeon was driving the vehicle.  DeLeon's testimony is neither corroborated nor consistent with testimony from Garcia and the officers.  Garcia testified he only saw one individual in the vehicle, and that appellant was the individual who was driving and fell out of the driver's door.  Sokoloski and Swift testified that appellant admitted being the driver, and

5

that they saw no other individual who could have been the driver or a passenger in the vehicle.

The jury reasonably could have determined from these facts that appellant was driving the vehicle and, therefore, operating a motor vehicle when it became stuck in the ditch. *See Weems v. State*, 328 S.W.3d 172, 177 (Tex. App.—Eastland 2010, no pet.) (concluding that evidence was legally sufficient to show appellant was driving vehicle when it was a vehicle he typically drove and that he had it on night of accident, he was found four-tenths of a mile from accident in rural area, and police officers and emergency medical personnel did not see anyone else at accident scene or in surrounding area).

Viewing all of the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support the finding that appellant was driving the vehicle. Appellant's first issue is overruled.

## II.    Admission of Extrajudicial Statements

Appellant contends that his statements to Sokoloski and Swift were inadmissible because they were made in response to custodial interrogation. When Sokoloski testified about his conversation with appellant regarding who was driving the vehicle, appellant objected that the statement was inadmissible because appellant was in custody and had not been given his legal warnings. After the trial court overruled appellant's objection, Sokoloski testified that appellant admitted to him that appellant was driving the vehicle.

Swift testified that appellant repeatedly stated he was the driver. During Swift's direct examination, she testified as follows:

> Q. (BY MISS VANIK [the prosecutor]) And you said you asked him some questions. What sort of things did you ask him?
>
> A. I asked him where he was coming from, in which he stated he was

coming from —

MR. RAMIREZ [defense counsel]: Objection, Judge. Same thing; custodial interrogation.

THE COURT: Overruled.

Q. (BY MISS VANIK [the prosecutor]) You may respond, ma'am.

A. I asked him where he was coming from. He stated a friend's house. Um, he stated he was driving the vehicle. Um, I asked him if he remembered getting into the accident. Just —

\* \* \* \* \*

Q. So did this defendant admit that he was driving the vehicle?

A. Multiple times.

Q. And did you observe anyone else in that vehicle?

A. No, ma'am.

Swift further testified that before being read the warnings, appellant stated multiple times that he had been driving the vehicle. After receiving the warnings, appellant denied driving the vehicle. Appellant made no objection to Swift's testimony that appellant admitted driving the vehicle prior to receiving the statutory warnings. Swift testified on cross-examination, "He told me that he was driving multiple times before I placed him in handcuffs."

To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. Tex. R. App. P. 33.1(a); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). As a general rule, a motion to suppress will preserve error in the admission of evidence without further objection at trial if the motion is overruled by the court following a pretrial hearing. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). When, as here, no motion is filed, the defendant must make a timely objection to the evidence when it is offered at trial to preserve error. *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). "[A] party must object each time the

7

inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

In this case, appellant did not file a pretrial motion to suppress, so he was required to timely object to the evidence each time it was offered at trial. *See Ross*, 678 S.W.2d at 493. Although appellant timely objected during Sokoloski's testimony, he did not object when Swift testified that appellant told her several times that he had been driving the vehicle. Appellant failed to preserve error because evidence that he admitted driving the vehicle was admitted without objection during Swift's testimony. *See Valle*, 109 S.W.3d at 509. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


/s/     William J. Boyce
        Justice


Panel consists of Chief Justice Frost, and Justices Boyce, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

8