**Affirmed and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00051-CR

---

**JOHNATHAN WAYNE HUNT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Court Cause No. 12-281528**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Johnathan Wayne Hunt of the misdemeanor offense of driving while intoxicated. The trial court sentenced Hunt to forty-five days in the Montgomery County Jail. Hunt filed a notice of appeal. We affirm.

In a single issue, appellant claims the trial court erred in admitting evidence regarding his sobriety because that evidence was obtained after appellant was unlawfully detained. To preserve a complaint for our review, a party must have

presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent. Tex. R. App. P. 33.1(a)(1); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Preservation of error is a systemic requirement. *Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). To preserve error about illegally obtained evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the State offers the evidence at trial. *Ross v. State,* 678 S.W.2d 491, 493 (Tex. Crim. App. 1984); *Stults v. State,* 23 S.W.3d 198, 205 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g). Although appellant claims the admission of the evidence was "plain error," appellant cites no authority, and we are aware of none, abrogating this Court's controlling precedent as set forth in *Ross* and *Stults. See Saldano v. State,* 70 S.W.3d 873, 886-89 (Tex. Crim. App. 2002); *Perez v. State,* 13-10-00613-CR, 2011 WL 6777944, *1-2 (Tex. App.—Corpus Christi Dec. 21, 2011, no pet.) (mem. op., not designated for publication).

The record reflects no pretrial motion to suppress was filed. In addition to the testimony of Deputy Kyle Stone and Trooper Derek Peterson, the videos from each of their patrol cars were admitted into evidence without objection. Appellant not only did not object to the admissibility of any evidence obtained after the allegedly illegal detention, but also indicated agreement on the record to his counsel's decision not to object to the admission of much of that evidence. Accordingly, the issue was not preserved and nothing is presented for our review. *See* Tex. R. App. P. 31.3(a); *Sample v. State,* 405 S.W.3d 295, 301 (Tex. App.—Fort Worth 2013, pet. ref'd).

2

Appellant's issue is overruled and the judgment of the trial court is affirmed.


/s/       Sharon McCally
          Justice

Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).