In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00001-CR
_____


RICHARD PAUL KIBODEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A170103-R

MEMORANDUM OPINION

A jury convicted appellant Richard Paul Kibodeaux of robbery, and the trial court assessed punishment at thirty-five years of confinement. In his sole appellate issue, Kibodeaux argues that the show-up identification procedure used by the police department violated his right to due process. We affirm the trial court's judgment.

Kibodeaux states that the victim "was brought to the area in the back of a police vehicle with the lights flashing to identify the defendant." According to Kibodeaux, such an identification procedure constitutes fundamental error and

violates due process because Kibodeaux did not have counsel present and there were no extenuating circumstances that prevented the use of a police lineup at a later date. *See Stovall v. Denno*, 388 U.S. 293, 302 (1967) (holding that based on the totality of the circumstances, confrontation of the accused for identification purposes may infringe upon due process rights).

The admissibility of evidence may be challenged in two ways: (1) objecting to the admission of the evidence when it is offered at trial and requesting a hearing outside the jury's presence; or (2) filing a pretrial motion to suppress the evidence and having the motion heard and ruled upon before trial. *Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). To preserve a complaint for appellate review, the record must demonstrate that the appellant made his particular complaint known to the trial court by a timely request, objection, or motion, and that the trial court ruled on the request, objection, or motion. Tex. R. App. P. 33.1(a); *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). The record reflects that Kibodeaux neither filed a motion to suppress nor objected to the victim's identification testimony when it was offered at trial. Because Kibodeaux did not object to the victim's testimony regarding the identification procedure or file a motion to suppress and obtain a ruling on the motion, he has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a); *Aguilar v. State*, 26 S.W.3d 901,

905 (Tex. Crim. App. 2000); *Perry v. State*, 703 S.W.2d 668, 670-71 (Tex. Crim. App. 1986) (holding that the contemporaneous objection rule for error preservation is stringently applied in the context of allegedly improper identification). Accordingly, we overrule Kibodeaux's sole issue and affirm the trial court's judgment.

      AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 31, 2018
Opinion Delivered August 29, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.