

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00113-CR

**JEFFREY JEROME RATLIFF,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2017-1420-C1**

## MEMORANDUM OPINION

Appellant, Jeffrey Jerome Ratliff, was convicted of burglary of a habitation, which

was enhanced by prior felony convictions, and received a life sentence in the Institutional

Division of the Texas Department of Criminal Justice.  *See* TEX. PENAL CODE ANN. § 30.02.

In two issues, appellant contends that the trial court erred by allowing the identification

of appellant by the complainant, Carla Denk, in violation of the United States

Constitution and the Texas Code of Criminal Procedure. Because we overrule both of appellant's issues, we affirm.

## I. IDENTIFICATION OF APPELLANT

On the first day of trial, appellant filed a motion to suppress seeking to exclude from evidence Denk's purportedly unreliable identifications of appellant as the perpetrator. The next day, after the jury was impaneled, the trial court noted that appellant presented his motion to suppress. After a brief discussion on the record regarding the timeliness of the motion and pre-trial procedures, the trial court denied appellant's motion to suppress.

"[A] pretrial motion to suppress evidence is 'nothing more than a specialized objection to the admissibility of that evidence.'" *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) (quoting *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981)). To preserve a claim of error in the admission or exclusion of evidence for appeal, "the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it." *Garza v. State*, 126 S.W.3d 79, 81-82 (Tex. Crim. App. 2004) (citing TEX. R. APP. P. 33.1(a)(1)). The purposes behind the requirement of a timely, specific objection are: (1) to inform the judge of the basis of the objection and give him a chance to make a ruling on it; and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Id.*

"A pre-trial motion to suppress filed on the day of trial is untimely filed . . . , and the court does not err in denying such motion, . . . or in refusing to conduct a hearing thereon." *Writt v. State*, 541 S.W.2d 424, 425-26 (Tex. Crim. App. 1976) (internal citations omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2; *see also Baskin v. State*, 672 S.W.2d 312, 313-14 (Tex. App.—San Antonio 1984, no pet.) (concluding that a pre-trial motion to suppress identification that was filed after the jury was impaneled, but before the first witness was called, was untimely filed and, thus, waived error).

Because appellant filed his motion to suppress on the first day of trial, we conclude that the motion was untimely filed. Accordingly, appellant's untimely motion to suppress was not sufficient to preserve the complained-of errors. *See Nelson v. State*, 626 S.W.2d 535, 535 (Tex. Crim. App. 1981) (holding that an untimely motion to suppress preserves nothing for appellate review); *see also Baskin*, 672 S.W.2d at 314.

Further, when, as here, the trial court does not hold a pre-trial hearing on the motion to suppress, "the defendant must make a timely objection to the evidence when it is offered at trial to preserve error." *Trung The Luu v. State*, 440 S.W.3d 123, 127 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984)). Constitutional errors may be waived by a failure to object at trial. *Id.* (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)). "[A] party must object each time the inadmissible evidence is offered or obtain a running objection. An error in

the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

In the instant case, the record reflects that appellant objected when the State asked Denk: "Is the man who came into the bathroom in the courtroom today?" Due to some confusion involving an interpreter, the State asked Denk about the identity of the perpetrator two more times. Appellant did not object to either of these questions. In response to the third question, Denk responded, "He [Appellant] looks like the man. Yeah, he looks like him. Yeah, yeah."

Appellant did not object to the second or third questions regarding appellant's identity, nor did appellant obtain a running objection to this line of questioning.[1] Therefore, because appellant's motion to suppress was untimely filed, and because appellant did not object to the admission of the identity evidence every time it was offered, we cannot say that appellant preserved his appellate issues for review. *See Ross*, 678 S.W.2d at 493; *see also Trung The Luu*, 440 S.W.3d at 127.

Furthermore, we also note that because the same identity evidence complained about in these issues came in elsewhere at trial without objection, any error in the

---

[1] In his objection to the State's first identity question, appellant indicated that he wished to "continue in our objection to any in-court identification based upon our prior motion." As stated earlier, the prior motion—the motion to suppress—was untimely and did not preserve appellant's objection. Furthermore, appellant did not specifically request a running objection from the trial court, and as such, the trial court did not grant appellant a running objection. Rather, the trial court merely overruled appellant's objection to the first question about identity.

admission of this evidence was cured. *See Valle*, 109 S.W.3d at 509. Accordingly, we overrule both of appellant's issues on appeal.

## II. CONCLUSION

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Visiting Justice Davis[2]
Affirmed
Opinion delivered and filed June 30, 2021
Do not publish
[CRPM]



---

[2] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.