**Gregory Glenn HARTFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00137–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 3, 2000.

Decided Aug. 4, 2000.

Discretionary Review Refused Oct. 18, 2000.

Ebb B. Mobley, Longview, for appellant.

James P. Finstrom, County Atty., Jefferson, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Gregory Hartfield appeals from his conviction by a jury for capital murder. He was sentenced to life imprisonment. Hartfield contends on appeal that the evidence was legally and factually insufficient to support his conviction for capital murder and that the trial court erred by admitting his written confession into evidence.

Hartfield was convicted of murdering his wife, Cherry Hartfield. The evidence shows that Hartfield had a lengthy history of beating Cherry. The evidence shows that she had accused him of sexual assault and that he was tried and acquitted of that offense. While in custody on that charge, he publicly threatened to kill her and warned her that she would be in trouble if he ever got out of jail. On March 9, 1999, the date of the acquittal, the court entered a protective order designed to prohibit Hartfield from coming into proximity with Cherry. On the night of May 25, 1999, Cherry's trailer house burned, and her body was found inside her residence. She died, however, not from the fire, but from being strangled. Hartfield was identified by bystanders as being at the fire. In a statement which he gave to police, he admitted strangling Cherry.

Hartfield contends on appeal that the evidence is factually and legally insufficient to support the conviction. He was convicted of murdering Cherry in the course of committing the felony of retaliation, thus resulting in a conviction for capital murder. Specifically, he contends that proof of the retaliatory element is lacking in this case. Retaliation is defined by the Texas Penal Code as follows:

(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime.....

TEX. PEN.CODE ANN. § 36.06 (Vernon Supp. 2000).

■ A legal sufficiency review calls on the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

■ In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d 1, 4 (Tex.Crim.App. 2000); *see Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In determining the factual sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson,* at 3; *Clewis,* 922 S.W.2d at 129.

■ In the present case, there is evidence from several sources that Hartfield had threatened Cherry for her role in accusing him of a crime and then testifying against him at the trial. Estelle Lawson, a co-worker of the victim, testified that she heard him say, "When I get out, if it takes me fifteen years from now I'm going to kill you." The evidence shows that Cherry hid in a hotel for two days after the trial for fear of Hartfield. There is also evidence that he was in her house, apparently with Cherry's consent, on the night that she was killed. Cherry's children testified that the night she died was the first night that Hartfield had been in the house.

Counsel argues that, because Cherry permitted Hartfield to enter the house and did not appear to be in fear of her life, the evidence does not show that he retaliated against her and carried out his previous threats. The question before the jury was whether Hartfield strangled Cherry while in the course of committing retaliation. From the evidence presented, the jury could reasonably have inferred that Hartfield's attack was in retaliation for her actions and in accordance with his threats. The evidence is both legally and factually sufficient to support the verdict.

Hartfield further contends that his statement was not voluntary and that the court erred by admitting it into evidence. Hartfield did not file a pretrial motion to suppress, but filed a motion in limine and obtained a hearing on his motion to suppress the statement when it was offered at trial. At the hearing on the Motion to Suppress, the only ground urged by counsel for suppression was his claim that Hartfield had not had the opportunity to read the statement after it was prepared.

This does not constitute a contention of involuntariness. The statement would not be his voluntary statement if Hartfield had, through deception, been induced into signing a statement that was contrary to the statement he had orally made and had not read. However, at no point in the trial did Hartfield contend that the written statement he signed was inaccurate or inconsistent with the oral statement he had made to the officer. Thus, his argument did not raise the issue of voluntariness. Because the issue of voluntariness was not raised at any point in the trial, it has not been preserved for appellate review. TEX. R.APP. P. 33.1(a); *see Martinez v. State*, 22 S.W.3d 504, 2000 Tex.Crim.App. LEXIS 74 (Tex.Crim.App. 2000); *Etheridge v. State*, 903 S.W.2d 1, 16 (Tex.Crim.App.1994).

Counsel has also argued that we should abate this appeal so that the trial court may make the findings required by TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 1979). That section only applies in a situation where the voluntariness of the statement is the issue before the trial court. As stated above, Hartfield's contention was only that he did not have the opportunity to read his oral statement and that in and of itself does not challenge the voluntariness of the statement. Thus, the article would not apply in this case.

The judgment is affirmed.