# NO. 12-16-00333-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMMY JAMES COPELAND,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Tommy James Copeland appeals his conviction for driving while intoxicated. In a single issue, Appellant contends the trial court erred when it failed to conduct a hearing under Article 38.22 of the Texas Code of Criminal Procedure. We affirm.

## BACKGROUND

On February 9, 2014, Officer Nick Haley of the Grand Saline Police Department responded to a call of a possible intoxicated driver. When he arrived on the scene, Officer Haley found two vehicles stopped on State Highway 80. Officer Haley first met with Mr. Casillas. Following the conversation, Officer Haley believed Mr. Casillas to be intoxicated and asked dispatch to send additional law enforcement to his location.

Officer Haley then spoke with Appellant, who had originally called and complained that Casillas was driving while intoxicated. While speaking with Appellant, Officer Haley observed that Appellant smelled of alcohol and had slurred speech. Officer Haley instructed Appellant to exit his vehicle and sit on the tailgate while they waited for a trooper to arrive.

When Texas State Trooper Matthew Skinner arrived on scene, he began questioning Appellant. As part of his investigation, Trooper Skinner asked Appellant several questions and recorded the answers on a form entitled "DWI Interview with Legal Warnings." Appellant

refused to sign the form. At trial, the State offered the interview into evidence. Appellant objected and stated that the exhibit violated Article 38.22 because Appellant did not sign it. The trial court overruled his objection.

The jury found Appellant "guilty" of DWI as charged in the information and sentenced him to thirty days confinement and a $1,000 fine. The trial court suspended the sentence and placed Appellant on community supervision for one year. This appeal followed.

## ARTICLE 38.22 HEARING

In his sole issue, Appellant contends the trial court erred in failing to conduct a hearing on the voluntariness of the statements in Trooper Skinner's interview form.

### Standard of Review and Applicable Law

An accused's statement may be used in evidence if it was freely and voluntarily made without compulsion or persuasion. TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). The defendant may claim that a statement was not freely and voluntarily made and thus may not be used as evidence under (1) Article 38.22, section 6 (general voluntariness); (2) *Miranda* as expanded in Article 38.22, sections 2 and 3 (the Texas confession statute); or (3) the Due Process Clause. *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). Claims of involuntariness under Article 38.22 can be, but need not be, predicated on police overreaching, and they can involve sweeping inquiries into the defendant's state of mind. *Id*. at 172. Article 38.22 is aimed at protecting suspects from police overreaching, but may also be construed as protecting people from themselves because the focus is on whether the defendant's statement was voluntary. *Id*.

When a question is raised as to the voluntariness of a defendant's statements, the trial court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West Supp. 2016). If the trial court finds that the statement was voluntary and holds it admissible as a matter of law and fact, it must enter an order stating its conclusion as to whether the statement was voluntarily made, along with the specific findings of fact upon which the conclusion was based. *Id.*

"Voluntariness is decided by considering the totality of the circumstances under which the statement was obtained." *Creager v. State*, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997). "The ultimate question is whether the suspect's will was overborne." *Id*. Circumstances relevant to

determining whether a defendant's will has been overborne include the length of detention, incommunicado or prolonged interrogation, denying family access to a defendant, refusing a defendant's request to telephone a lawyer or family, and physical brutality. *See **Armstrong v. State***, 718 S.W.2d 686, 693 (Tex. Crim. App. 1985); *see also **Bell v. State***, 169 S.W.3d 384, 391 (Tex. App.—Fort Worth 2005, pet. ref'd).

<u>Analysis</u>

In his sole issue, Appellant contends the trial court was required to conduct a hearing outside of the presence of the jury when he objected to the admissibility of the interview form.

Under Article 38.22, the trial court is required to make an independent finding as to whether a defendant's statement was made under voluntary conditions when such a question is raised. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. However, the court's duty to hold a hearing under Article 38.22 is triggered only when the accused raises a timely objection to the introduction of the statement as evidence. ***Ross v. State***, 678 S.W.2d 491, 492-93 (Tex. Crim. App. 1984). Generally, in order to preserve an appellate complaint about an alleged trial error, a party must have made the complaint known to the trial court by a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). And an appellant may not raise an issue on appeal that does not comport with his objection at trial. ***Swain v. State****, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

At trial, when the State asked Trooper Skinner about recording his questions posed to Appellant, defense counsel objected, "Your Honor, I'm going to object to him going into this particular matter. It's a clear violation of Article 38.22." He further explained, "Your Honor, in this situation, any statement my client made must be reduced to writing, and it wasn't done so." When the State expressed its intent to offer the interview form into evidence, Appellant stated:

> Your Honor, Article 38.22 is clear. It's got to be in writing, signed by the accused or makes his mark. In this particular document, he didn't sign it and he didn't make his mark; therefore, it's not admissible.

The trial court overruled the objection. Subsequently, counsel objected as follows:

> Your Honor, I would object to the document because, again, it doesn't comport with Article 38.22 specifically. It's not signed by the accused or made his mark. And under Article 38.22 of the Code of Criminal Procedure, that's a clear requirement on any statement that is written or -- unless it's recorded, and he has no recorded statement here.

Accordingly, the record does not show that Appellant objected to admissibility of the interview form on the basis that it contained Appellant's involuntary statements. Rather, the sole basis of Appellant's objection was that the document was unsigned. Where an appellant makes an objection in the trial court to the admissibility of a confession different from the one on appeal, no error is preserved. *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988). Moreover, Article 38.22 expressly states that the trial court must make independent findings "where a question is *raised* as to the voluntariness of a statement of an accused[.]" TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (emphasis added). The court of criminal appeals has held that a trial court does not err by failing to make findings of fact and conclusions of law on the issue of voluntariness when the appellant never specifically raised the issue. *See Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982); *see also Hartfield v. State*, 28 S.W.3d 69, 72 (Tex. App.—Texarkana 2000, pet. ref'd) (section six of Article 38.22 only applies when voluntariness is an issue before the trial court, whereas the appellant's "contention was only that he did not have the opportunity to read his oral statement and that in and of itself does not challenge the voluntariness of the statement[]"). Because Appellant did not object to the voluntary nature of the statements at trial, the trial court's duty to conduct an Article 38.22 hearing and make independent findings was not triggered, and Appellant has not preserved the issue of voluntariness for appeal. *See Swain,* 181 S.W.3d at 367; *see also Little*, 758 S.W.2d at 564; *Ross*, 678 S.W.2d at 492-93; *Lindley*, 635 S.W.2d at 544; *Hartfield*, 28 S.W.3d at 72; TEX. R. APP. P. 33.1(a). We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00333-CR**

**TOMMY JAMES COPELAND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 2014-00524)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*